Per Curiam.
The plaintiff in error was summoned as & garnishee, in an attachment sued out by the defendant in error against William S. Berch. On her answer judgment was rendered against her, which she now seeks to reverse. There is one ground taken on which the judgment must be reversed, and it is, therefore, not deemed necessary to notice the others. The statute requires that the judge or justice granting the attachment, “ shall take bond and security from the party, his or her agent or attorney, payable to the defendant, in double the sum *684 for which the complaint shall be made.” And the same section declares, that “ every attachment issued without bond and affidavit, taken and returned as ‘aforesaid, is hereby declared void, and shall be dismissed.” This attachment was sued out in the name of Shelton M. Hurd, and the bond was not signed by him or by his agent, 'but by George H. Ish. It is certainly, therefore, not within the meaning of the statute. It is not a bond given by the plaintiff, his agent or attorney, with security, but the bond of Ish alone, who is in no way connected with the attachment. If he had given security, then the question would have been, whether bond and security given by one who was not a party to the record would be sufficient, but he gave no security. The attachment being void for this reason, could not justify a judgment against the garnishee, and it is a duty of the garnishee to see that the law is pursued. This is a duty which he owes to his creditor, but especially to himself, as it would be no bar to a subsequent recovery, if he should permit judgment to go against him on an attachment which was absolutely void.
The attachment must be dismissed, and judgment reversed.