## DOVE and DOVE vs. JOSEPH MARTIN.

In actions commenced by attachment, it is competent for the party sued to deny the right of an agent to execute an attachment bond for the person at whose suit the attachment was taken out; and this court has frequently held that the defendant may show that a suit against him is prosecuted without the consent or authority of the plaintiff. *Held,* upon that fact being properly shown, the suit will be dismissed.

If a plea in abatement were the proper method of bringing this point before the court, in this case it does not do so; for without denying that the suit was brought and prosecuted with the knowledge or consent of M., it seeks to abate the same because it alleges the attachment bond was not executed by M., which plea is negatived by his appearance in court prosecuting his suit by attachment.

ON appeal from the circuit court of Lauderdale county; Hon. A. B. Dawson, judge.

The facts of the case are sufficiently stated in the opinion of the court.

*Wood,* for appellant.

*T. J. & F. A. R. Wharton,* for appellee.

Dove et al. *v.* Martin.

Mr. Justice YERGER delivered the opinion of the court.

Martin, by his agent, J. T. Hodges, made affidavit and gave bond for an attachment against the plaintiffs in error, which was issued returnable before a justice of the peace, who gave judgment in his favor.   Plaintiffs in error appealed to the circuit court, and there pleaded in abatement, that the attachment bond was not executed by the plaintiff or his lawful agent, and that the plaintiff had not ratified its execution; which plea was stricken out, and the order striking it out is assigned for error.

If the object of the plaintiffs in error was to deny the right of Hodges to execute the bond and prosecute the writ by attachment in the name of Martin, we have no doubt it was competent for them to have so done.   This court has frequently held, that a defendant may show that a suit against him is prosecuted without the consent or authority of the plaintiff; and on the fact properly appearing, the suit will be dismissed.   If a plea in abatement were the proper method of bringing that point before the court, the plea in this case does not do so.   On the contrary, not controverting that the suit was brought, and is prosecuted with the knowledge and consent of Martin, it seeks to abate the same, because, as is alleged, the attachment bond was not executed by him, which plea was negatived by the very fact, that he was in court prosecuting the suit against the plaintiffs in error.   We think the court might, therefore, have well treated the plea as frivolous, and did not commit an error in striking it out.

Judgment affirmed.