BANK OF AUGUSTA v. PETER CONREY, JR.

The statute in relation to attachments will be construed in the most liberal manner for the advancement of justice, the suppression of fraud, and the benefit of creditors.

Where the officer who has the custody of the proceedings in an attachment fails to return the affidavit and bond to the circuit court, until the second term after the attachment has been filed, and no injury has resulted to the defendant from such failure of the officer: — *Held*, that under such circumstances to quash an attachment upon that ground would be a denial of justice by an extremely technical construction. *Wheeler* v. *Slavens*, 13 S. & M. 623, cited and confirmed.

A bank cannot be compelled upon a motion to quash an attachment issued by it, to show that it had power to execute a bond, nor can the defendant in that way show that the bank did not possess that power under its charter; but such authority is presumed to exist as an incident to the ordinary power of suing and being sued.

In such a case, where the bond is in due form, and the principal appears in court and prosecutes the attachment which had been sued out in his name by a person assuming to act as his agent: — *Held*, that this will be regarded as a full recognition of the authority of the agent to execute the bond. *Dove* v. *Martin*, 23 Miss. 588, cited and confirmed.

IN error from the circuit court of Harrison county; Hon. Wiley P. Harris, judge.

The facts of the case are contained in the opinion of the court.

*Potter*, for appellant.

The objection of the failure of the magistrate to return the bond into court, cannot prevail. The plaintiff cannot be held responsible for his neglect. Moreover, the motion comes too late; the bond was filed before the motion was made.

As to the objection based upon the execution of the bond by Mathewson, as agent of the bank, it cannot prevail.

The bank was in court prosecuting the suit, had filed a declaration upon the attachment, and thus ratified the acts of her agent. This point has been adjudicated. *Dove* v. *Martin*, 1 Cushm. R. 389.

In that case the plea averred that the bond was executed without authority of plaintiff, and that he had never ratified the same. This court held that the plea was properly stricken out as a nullity, because it was falsified by the fact that plaintiff was prosecuting the suit. The bank, thus adopting the suit instituted for her by Mr. Mathewson, would be estopped to deny his authority to give the necessary bond, &c. Again, this court has decided that the bond may be given either by the plaintiff or the agent; the bond of either, with security, is good. *Page* v. *Ford,* 2 S. & M. 267.

Now this is either the bond of the bank, or of Mathewson the agent. If Mathewson had authority, or if his act has been duly ratified, the bank is bound, — it is her bond. On the contrary, if the bank is not bound, then it is the bond of Mathewson the agent. The rule is well settled, that a person executing, without authority, a deed as agent, becomes personally liable, — it is his deed. *White* v. *Skinner,* 13 Johns. R. 310.

Moreover, the execution of a bond by the plaintiff in attachment, is always a mere formal matter. He is bound to the same extent whether he executes a bond or not.

*John Henderson,* for appellee.

This case was instituted by process of attachment, and the proceedings were quashed, and the case dismissed in the court below, because there was no return of the attachment in time, and because there was no sufficient bond, or power to make a bond.

On the first point we rely on the statute, Hutch. Code, 802, § 8.

The record, in suing out the attachment, does not show the plaintiffs are a corporation of the State of Georgia, but only a banking company of the State of Georgia, and a private associated banking company cannot contract by seal.

The record makes no profert or exhibit of any charter of incorporation, as all which ought to do.

If presumed a corporation, they show us no right to contract or make a bond out of the State. 13 Peters, R. 587–589.

There was no authority in the agent, from the plaintiff, to make the bond when made.

The attempt to cure the bond by adoption and confirmation, was a void act.   2 Ann. R. 415; 3 La. R. 18; 17 Ib. 437.

Corporations have no right to sue by attachment.   Hutch. Co. p. 802, 803, sec. 11; Ib. 823.

Mr. Chief Justice Smith delivered the opinion of the court.

The President, Directors, and Company of the Bank of Augusta, sued out an attachment against the estate of Peter Conrey, jr., as a non-resident debtor, returnable to the September term, 1851, of the circuit court of Harrison county.   At the March term, 1852, a motion was made to quash the attachment. The grounds relied on in support of this motion, were in effect : 1. That no legal and sufficient bond was executed by the plaintiffs before the attachment was issued; and 2. That no bond and affidavit were returned and filed in court at the return term of the attachment.   The attachment was duly returned, and a declaration filed at the return term; but through the neglect of the officer having custody of the papers, the bond and affidavit were not returned and filed until the March term of the court in 1852.

The attachment was taken out, and the bond and affidavit were made by the agent of the plaintiffs, whose authority, being denied by the defendant, it was agreed by the parties, that on the motion to quash the attachment, the question of the agency should also be considered and determined.

On the trial of the motion, the plaintiffs read as evidence to prove the authority of the agent a letter of attorney from Porter & Co., which purported to vest the agent with ample authority in reference to the execution of the bond.   The parties in the execution of the instrument styled themselves agents for the Bank of Augusta, Georgia, in New Orleans.   They read also a resolution of the board of directors of the bank, signed by the president and cashier, and certified under their corporate seal, fully ratifying and confirming the power of attorney, executed by Porter & Co.   These documents were admitted to be genuine by the defendant; but exception was taken to their admissibility as evidence to prove the authority of the agent.   Upon the whole case, thus presented, the court sustained the motion;

and quashed the attachment. From that decision, the plaintiffs prosecuted their writ of error.

1. It is now insisted that the neglect of the officer who issued the attachment to file the affidavit and bond at the return term of the writ, was not a sufficient ground for quashing the attachment.

It is not in express words declared that the bond and affidavit shall be returned and filed by the officer issuing the attachment, at the return of the writ. Hutch. Dig. 802, § 8. It cannot, however, be doubted that such was the intention of the legislature, to be arrived at from a proper construction of the act. If, therefore, the courts are bound to a rigid and unvarying enforcement of its provisions, without regard to circumstances, which, in particular cases, might, in their opinion, constitute a sufficient excuse for a failure or omission to comply with some one of them, the circuit court was, doubtless, correct in sustaining the motion for the reason assigned. But the courts are admonished to construe the statute in reference to attachments in the most liberal manner for the advancement of justice, the suppression of fraud, and the benefit of creditors.

In the case at bar the bond and affidavit were filed at the second term of the court, and before, in point of fact, the motion to quash was entered. The plaintiffs were not in default. They were not charged with the custody of these documents, and had no control over the justice who issued the attachment. No injury has or can result to the defendant by this neglect of the officer. Under such circumstances, to hold that it would be ground for quashing the attachment, would be rather a denial, by an extremely technical construction, than the advancement of justice in conformity with the liberal spirit in which we are required to administer this branch of the law. *Wheeler* v. *Slavens*, 13 S. & M. 623.

2. The bank was either a corporation or a voluntary association of individuals. If it was a corporation, the presumption existed that it had the authority to act through its corporate seal. And it was clearly incompetent, on the motion to quash the attachment, for the defendant to show that the bank had no power under its charter to execute the bond. On the contrary,

in a proceeding of that character, such authority was presumed to exist as an ' incident to the ordinary power of suing and being sued, which pertains generally to incorporated companies.

If the bank was a mere partnership, the authority of those who assumed to act in the capacity of its officers or agents will be presumed on a motion to quash, in which the formal and technical sufficiency of the proceedings are the subject of adjudication. In either event the objection urged was the proper subject of a plea in abatement.

3. It is insisted that the judgment is correct, because there was no proof, offered on the trial, of the execution of the bond by the attaching creditors, or by their legally authorized agent.

The bond was in due form. Under all circumstances it was obligatory upon the agent and the sureties, and bound the principals, if the agent acted under their authority. The principals appeared in court and prosecuted the attachment which had been sued out in their name, by a person assuming to act in the transaction as their agent. This must be regarded as a full recognition of his authority, and hence would estop them, in a future action on the bond, from contesting its validity. This point was expressly decided by this court in *Dove* v. *Martin*, 23 Miss. R. 588.

Let the judgment be reversed, and the cause remanded for further proceedings in the court below.