## JOHNSON v. JOHNSON.

### (*Circuit Court, D. Kentucky.* 1887.)

1. **ATTORNEY AND CLIENT—AUTHORITY—GENERAL AGENCY.**
   The fact that an attorney has been accustomed to attend to all the litigation which his brother has had, does not, in the absence of instructions or authority from the brother to institute a particular suit, or to sue out the writ of attachment therein, constitute him "the agent or attorney" of the brother, who, under Code Pr. Ky. § 550, may make the affidavit in attachment when the plaintiff is absent from the county in which the proceedings are commenced.

2. **ATTACHMENT—ISSUANCE OF WRIT—AFFIDAVIT BY ATTORNEY—AUTHORITY.**
   The provision of Code Pr. Ky. § 550, to the effect that, in the absence of the plaintiff from the county, the affidavit required by the statute for a writ of attachment may be made by his agent or attorney, intends a relationship of principal and agent existing at the time the affidavit is filed; and where the suit is begun and the affidavit made by an unauthorized attorney, a ratification by the plaintiff subsequent to the issuance of the writ, of all that had been done in the case, does not constitute a compliance with the statute, and is insufficient to sustain the writ on a motion to quash.

Motion to Quash Attachment.

*William Lindsey* and *J. D. Hunt*, for plaintiff.

*James S. Pirtle* and *J. K. Goodloe*, for defendant.

BARR, J. The plaintiff, who is the brother of the defendant, brought suit in the state court for $10,000 loaned money, and sued out an attachment which has been levied. The defendant, who is a non-resident of the state, was constructively summoned, entered his appearance, and removed the case to this court. He now moves to quash the attachment because, as he alleges, the affidavit upon which it was issued was not made by the plaintiff, or by his agent or attorney. The affidavit upon which the clerk issued the attachment was in fact made by Henry V.

Johnson, another brother, who stated in it that he was the agent and attorney of the plaintiff, who was then absent from the county and state. This affidavit is in form, and states good statutory grounds for the attachment.

There are three questions arising on this motion: (1) Whether the allegation in the affidavit that Henry V. Johnson was the agent and attorney of the plaintiff is an issuable fact. (2) If so, was he at the time the agent or attorney of plaintiff? (3) If not the agent or attorney of plaintiff, will plaintiff's subsequent ratification of the acts of Henry V. Johnson be sufficient to sustain the issue of the attachment? The Code of Practice authorizes the issue of an attachment upon the affidavit of the plaintiff, or his agent or attorney, and it is quite clear a defendant may deny the fact that the person making the affidavit is the plaintiff, or was his agent or attorney. This is because the Code only authorizes the issue of an attachment upon the affidavit of the designated persons.

A careful reading of the record and the affidavits satisfies me that Henry V. Johnson was not, at the time of the filing of the affidavit upon which the attachment issued, the authorized agent or attorney of plaintiff to make such an affidavit. Madison C. Johnson, Esq., died in Lexington on the seventh of December, 1886, and the defendant was one of his devisees. Mr. Henry V. Johnson, believing it was important that his brother, Junius W. Johnson, should obtain a lien upon defendant's interest in said estate before other creditors of the defendant, assumed, in the absence of his brother, the plaintiff, to bring this suit, and had an attachment issued upon his affidavit on the thirteenth of December, 1886. He (Henry V. Johnson) being the brother of both plaintiff and defendant, and having always attended to the plaintiff's law business, his action was not singular, but it was, I think, from the evidence before me, without authority. It is evident that plaintiff had not been consulted; nor had he any knowledge of the intention to bring the suit or sue out the attachment, prior to its being done. The fact of his (Henry V. Johnson's) relation to the parties, and that he had previously attended to all of the litigation which the plaintiff had, did not give him authority to sue out this attachment, or make him the agent or attorney of the plaintiff to swear to the necessary affidavit to obtain the attachment. It appears that after the bringing of this suit, and the issuance of the attachment, Henry V. Johnson informed the plaintiff fully of what had been done, and he ratified and confirmed his actions. Thus, although the suit was brought, and the attachment sued out, without previous authority, it was fully ratified and confirmed by plaintiff before defendant's motion to quash. The effect of this ratification is the important question.

The Code of Practice provides that "an order of attachment shall be made by the clerk of the court, * * * if an affidavit of the plaintiff be filed in his office" setting out therein certain specified grounds. Section 196. And section 550 provides that "any affidavit which this Code requires or authorizes a party to make, may, unless otherwise expressed, be made by his agent or attorney, if he be absent from the

county;" which fact must be stated in the affidavit, and also that "the affiant *is agent* or *attorney.*" The Code designates the persons who may make the necessary affidavit. The right to make such an affidavit, if made by a person other than the plaintiff, comes from the relation which the affiant bears to the plaintiff; and this relation, under a proper construction of the Code, must exist at the time of the making of the affidavit, and·suing out the attachment. The attorney or agent may make the affidavit by reason of their relation to the plaintiff, but the oath is not taken in a representative capacity, and hence the relation of attorney or agent should exist at the time. Indeed, the Code requires it to be so stated. The right, under certain circumstances, to attach a debtor's property as an indemnity, in advance of a judgment, is a statutory one, and statutes giving such rights should be construed strictly. Drake, Attachm. § 84. If a subsequent ratification by·a plaintiff of an affidavit which was made by an unauthorized person is sufficient, then the designation in the statutes as to who may make the affidavit is made practically nugatory, at the election of the plaintiff in whose name the suit is brought. In the·meantime, the defendant whose property has been seized is without a responsible plaintiff to look to, until and unless the unauthorized act of the assumed agent or attorney is ratified.

It may be that if plaintiff had not ratified the action of Henry V. Johnson, the bond which was executed would have covered some of the injury done, though this is not clear; but it certainly would not cover every kind of injury which might arise from an attachment. The civil law maxim, *omnis ratihabitio retro trahitur et mandato æquiparatur*, has been adopted by the common law. The courts have, however, recognized exceptions to this general rule,—some of which are clearly defined, and others not so clearly. Thus, one exception is that the thing done and which is ratified, must have been done in a representative character, and not in the name of the unauthorized person as principal. See the case of the taking of a heriot by a bailiff in his own name, 7 Y. B. Hen. IV. 35, and *Wilson* v. *Tumman,* 6 Man. & G. 236. Another exception is that such a ratification has no effect upon the rights of third parties which have intervened between the time of the unauthorized act of the person assuming to act as agent and the ratification of the act by the principal.

Wharton, in his book on Agency, (section 78,) illustrates this exception thus: "A., for instance, without authority from C., but claiming to act for him, attaches B.'s property to satisfy a valid debt from B. to C. C. cannot, by subsequently ratifying A.'s acts, avail himself of the lien caused by such attachment against B.'s lien creditors." The learned author says, in a preceding section, (77:) "It has just been noticed that the principal, by the act of ratification, puts himself in his agent's place. From this it follows that the ratification acts retrospectively; and nowhere is this more unhesitatingly expressed than in the Roman law. The principal, so *that* law assumes, puts himself, by the ratification, back into the period in which the contract was executed. But, accepting this principle as unquestioned, we must limit its application to the

relations of the principal to the contracting third party." But supposing there is no contracting third party, what, then, is the limitation to this general principle? There is no reason why a ratification should not relate back as to a contracting party, because, as to the contracting party, the unauthorized agent was contracted with as authorized; and, therefore, to consider a ratification as equivalent to an original authority, is simply conforming to the understanding of this party at the time of the execution of the contract. This general principle of the effect of a ratification by a principal of the tortious acts of an unauthorized person, assuming to act as his agent, does not affect the injured person injuriously, since it gives an additional party who is, at the wronged person's option, liable to him for the tortious acts.

It is said in a learned note in Dunl. Paley, Ag. 192: "There is a manifest difference between a case in which a party seeks to avail himself, by subsequent assent, of an unauthorized act of his own agent, in order to enforce a claim against a third person, and the case of a party acquiring an inchoate right against a principal, by an unauthorized act of his agent, to which validity is afterwards given by the assent or recognition of the principal." The court in *Dodge* v. *Hopkins*, 14 Wis. 638, after quoting this note, adds: "The principal in such case may, by his subsequent assent, bind himself, but, if the contract be executory, he cannot bind the other party. He may, if he chooses, avail himself of such assent against the principal, which, if he does, the contract, by virtue of such *mutual* ratification, becomes *mutually* obligatory." The distinction taken in this note is recognized in many other cases. Thus a lease which may be determined on a six-months notice cannot be determined by a six-months notice given by an unauthorized agent, though his act is afterwards ratified by the landlord. *Fisher* v. *Cuthell*, 5 East, 491; *Lyster* v. *Goldwin*, 2 Q. B. 143; *Buron* v. *Denman*, 2 Exch. 169; *Mann* v. *Walters*, 10 Barn. & C. 626. Again, when a demand is necessary to make out a wrongful conversion by the defendant in an action of trover, it was held to be insufficient if made by an unauthorized person, although afterwards ratified by the plaintiff. *Coore* v. *Calloway*, 1 Esp. 115; *Coles* v. *Bell*, 1 Camp. 478. So, also, a stoppage *in transitu*, directed by an unauthorized person, cannot operate so as to divest the right of the purchaser, although his action was ratified by the plaintiff. *Bird* v. *Brown*, 4 Exch. 797. It has also been held that an assignment of a note by an unauthorized person, in the name of the payee, is insufficient, although, after suit, the payee may ratify and approve the assignment. *Wittenbrock* v. *Bellmer*, 57 Cal. 12; *Wood* v. *McCain*, 7 Ala. 801.

These cases are not directly in point to the question under consideration, which is undecided; but they recognize the true distinction as to the application of the retrospective effect of the ratification of unauthorized acts of an agent by his principal. That distinction is, there must be some mutuality between the ratifying principal and the third party who is to be affected by his ratification, else the ratification will not have a retrospective effect, as against the interest of such third party.

Although the question under consideration is undecided, so far as known to me, there has a question arisen which is quite analogous, and that is whether or not a subsequent ratification of an unauthorized act of a party in signing his name to an attachment bond will remedy the defect, and have some effect as if originally authorized. This question has been decided both ways. In *Grove* v. *Harvey*, 12 Rob. (La.) 221, the court held that a subsequent ratification by a plaintiff of a bond given in his name without authority would not relate back and remedy the defect, and thus sustain the attachment; while in Mississippi and Arkansas a contrary doctrine is held. *Dove* v. *Martin*, 23 Miss. 588; *Bank* v. *Conrey*, 28 Miss. 667; *Mandel* v. *Peet*, 18 Ark. 236. We think the Louisiana case is the better reasoned, and it announces the correct rule.

The question under consideration is not free from doubt, but we conclude, the Kentucky Code having designated the persons who may make the necessary affidavit for the issuance of an attachment, the affidavit must be made by one of the persons designated, and that a subsequent ratification of the unauthorized act of an assumed agent or attorney by the plaintiff will not do, and is not a compliance with the law.

The motion of defendant to quash this attachment should be sustained; and it is so ordered.