# W. B. MOSES & SONS *v.* HAYES.

---

COURTS; JUSTICES OF THE PEACE; MUNICIPAL COURT; ATTACHMENT; PRINCIPAL AND AGENT; CORPORATIONS; BONDS.

1. The municipal court, under sec. 2 of the D. C. Code (31 Stat. at L. 1190, chap. 854), is a part of the judicial system of the District.

2. The act of Congress of February 19, 1895 (28 Stat. at L. 668, chap. 100), conferring upon justices of the peace authority "to hear, try, and determine all civil pleas and actions, including attachment and replevin," etc., was repealed by sec. 9, D. C. Code, providing that justices of the peace shall have jurisdiction in civil actions involving not more than $300, including all proceedings by attachment or replevin, the repeal of the act not being saved by sec. 1636 of the Code (31 Stat. at L. 1434, chap. 854), which saved "all acts and parts of acts relating to municipal affairs only.

3. Under sec. 9, D. C. Code, the municipal court of the District of Columbia has authority to issue writs of attachment.

4. Jurisdiction having been conferred by statute upon the municipal court of this District to issue writs of attachment, and the supreme court of the District having been authorized by statute to prescribe rules for the municipal court, the rules of the supreme court regulating the practice in the matter of the issuance of writs of attachment by the municipal court do not constitute legislation.

5. A motion to quash a writ of attachment in a suit by a corporation, on the ground that there is nothing to show that the agent executing the attachment bond had authority to do so, is improperly granted, where the affidavit upon which the writ issued shows that the agent was credit clerk of the plaintiff, and immediately following the filing of the motion, the plaintiff filed a paper declaring that the agent had authority to execute, and ratifying his act in doing so.

6. The prosecution by a plaintiff corporation of a suit in which it has caused an attachment before judgment to be issued estops it from denying the authority of its agent who executed the attachment bond.

7. The filing of a proper bond in an attachment suit is not jurisdictional, but the court acquires jurisdiction over the property seized by the issuance and levy of the writ. If the defendant is not satisfied with the sufficiency of the surety or the bond, or the amount of its penalty, he has the right, under sec. 449, D. C. Code, 31 Stat. at L. 1260, chap. 854, to apply for an order requiring the plaintiff to give an additional bond, or, if the bond is defective, he may move to quash the writ.

8. Where the court below granted a motion by the defendant to quash a writ of attachment, and overruled a motion then made by the plaintiff for leave to amend the attachment bond and affidavits, and, on an appeal by the plaintiff, it appeared that the court overruled the motion because of its opinion that the bond was defective, and this court found that the bond was sufficient, the question of whether the affidavits were sufficient was not decided by this court, but the judgment was *reversed*, and the cause remanded with leave to the plaintiff to amend the affidavits.

No. 2214.    Submitted December 5, 1910.    Decided January 3, 1911.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia, quashing a writ of attachment, and denying the plaintiff's motion for leave to amend the attachment bond and affidavits.

*Reversed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a judgment of the supreme court of the District of Columbia, (1) quashing a writ of attachment sued out of the municipal court of the District, and (2)

denying appellant's motion for leave to amend the attachment bond and affidavits.

On April 29th, 1910, the appellant, W. B. Moses & Sons, a corporation, as plaintiff, filed a suit in the municipal court against the appellee, Narcissa Hayes, as defendant, for the recovery of $202.60. On the same day a writ of attachment was sued out. Defendant contends that the affidavits in support of the application for the writ were defective, in that they averred, upon *information and belief* only, that the defend- ant was about to dispose of her property with intent to hinder, delay, or defraud her creditors. Objection is also made to the bond because it was executed by an agent of the plaintiff, and his authority to so act was not filed before the writ of attach- ment issued.

The above bond was filed and the writ of attachment issued on the 29th of April, 1910. It appeared from the affidavit which the agent who executed said bond for the plaintiff filed in support of the application for the writ, that he was credit clerk for the plaintiff at the time the writ was sued out. Two weeks thereafter, on the 11th day of May, the defendant, by her attorney, filed a motion to quash the writ and affidavits upon the ground above set forth. On May 12th the plaintiff filed in said cause an instrument under seal, in which it stated that said agent "had full power and authority to execute said bond in the name of, and as agent for, said W. B. Moses & Sons; and said W. B. Moses & Sons, a corpoartion, hereby ratifies and confirms the act of said Ralph A. Hopper in executing said bond, and fully adopts the same." The motion to quash was denied and judgment entered for the plaintiff. An appeal was taken to the supreme court of the District, and the case proceeded to trial *de novo* in that court. The defend- ant renewed her motion to quash the attachment, in which mo- tion, in addition to the questions raised in the municipal court, the jurisdiction of that court to issue a writ of attachment was challenged. This motion was granted, and the plaintiff's mo- tion for leave to amend the attachment bond and affidavits was overruled.

*Mr. Webster Ballinger* for the appellant.

*Mr. Levi H. David* and *Mr. R. B. Behrend* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

We will first inquire whether the municipal court has jurisdiction to issue a writ of attachment. The contention of the defendant is that, if such jurisdiction exists at all, it must find its support in the act of February 19th, 1895 (28 Stat. at L. 668, chap. 100), and not in the Code. Under said act, jurisdiction was conferred upon justices of the peace "to hear, try, and determine all civil pleas and actions, including attachment and replevin," with certain exceptions not necessary to be noticed.

The Code of the District was approved March 3d, 1901. Section 2 [31 Stat. at L. 1190, chap. 854] thereof declares that the judicial power in this District is vested in:

"First. Inferior courts, namely, justices of the peace and the police court; and

"Second. Superior courts, namely, the supreme court of the District of Columbia, the court of appeals of the District of Columbia, and the Supreme Court of the United States."

Section 9, relating to the jurisdiction of justices of the peace, provides: "The said justices of the peace shall have jurisdiction in all civil cases in which the amount claimed to be due for debt or damages arising out of contracts, express or implied, or damages for wrongs or injuries to persons or property, does not exceed three hundred dollars, *including all proceedings by attachment or in replevin* where the amount claimed or the value of the property involved does not exceed said sum," etc.

Section 13 prescribes the procedure governing the action of replevin before a justice of the peace.

Section 8 confers upon the supreme court of the District in general term authority to make rules regulating the practice and pleading before justices of the peace.

Under the act of February 17th, 1909 (35 Stat. at L. 623, chap. 134), the name of the justice of the peace court was changed to the "municipal court of the District of Columbia." The jurisdiction of the old court, however, was expressly conferred upon the new.

Chapter 13 of the Code relates to "Attachments," and sec. 445 [31 Stat. at L. 1258, chap. 854], which is the first section in this chapter, provides that in any action at law in the supreme court of the District of Columbia, etc., a writ of attachment may issue upon the filing by the plaintiff, his agent or attorney, either at the commencement of the action or pending the same, of an affidavit supported by the testimony of one or more witnesses showing certain enumerated facts, and also stating that the defendant "has removed or is about to remove some or all of his property from the District, so as to defeat just demands against him; * * * Provided, that the plaintiff shall first file in the clerk's office a bond, executed by himself or his agent, with security to be approved by the clerk, in twice the amount of his claim, conditioned to make good to the defendant all costs and damages which he may sustain by reason of the wrongful suing out of the attachment."

Section 449 allows the defendant, or any other person interested in the proceeding, if "not satisfied with the sufficiency of the surety or sureties or with the amount of the penalty named in the bond aforesaid," to apply to the court for an order requiring the plaintiff to give an additional bond. Failure to comply with the order of the court in that regard is declared to be justification for the quashing of the attachment and the return of the property.

Section 1636 [31 Stat. at L. 1434, chap. 854] is a general repealing section, and unless said act of February 19th, 1895, was saved by the language of the third exception, which saved *"all acts and parts of acts relating to municipal affairs only,"* said act of 1895 must fall.

As we have noted, the municipal court, under said sec. 2 of the Code, is a part of the judicial system of the District. When the Code was enacted, the justice of the peace court,

which was superseded by the municipal court, had concurrent jurisdiction with the supreme court of the District in certain actions involving more than fifty, and not exceeding three hundred, dollars. The Code in detail defines the jurisdiction of the justice court, and specifically provides that it shall include "all proceedings by attachment or in replevin," unless the amount involved exceeds $300. The municipal court being a part of the judicial system of the District, and the subjects considered in said act of 1895 being considered and provided for in the Code, we are of the opinion that the repeal of said act was not saved by the exception above noted in sec. 1636 of the Code.

The supreme court of the District promulgated "Rules of Practice before Justices of the Peace in the District of Columbia." Those rules were made applicable to the present municipal court. Rule 9 relates to the issuance of writs of attachment by a justice of the peace, and is a substantial repetition of the provisions of said sec. 445 of the Code.

The provisions of said act of 1895, conferring jurisdiction upon justices of the peace in attachment and replevin proceedings, having been repealed and superseded by the Code, it is apparent from a consideration of the sections of the Code above enumerated that Congress did not intend to deprive justices of the peace of jurisdiction to issue writs of attachment. The contrary intent is, we think, clearly apparent, for in sec. 9 it is expressly declared that justices of the peace shall have such jurisdiction. The contention that chapter 13, entitled, "Attachments," is limited to actions in the supreme court, entirely disregards the above provisions in the same act relating to justices of the peace. We think they should be read together, and that being so read, all serious doubt as to the jurisdiction of the municipal court to issue writs of attachment is dissipated. Congress *might* have dispensed entierly with the giving of a bond or the filing of affidavits by the plaintiff as prerequisites to the issuance of the writ. In other words, it might have conferred jurisdiction upon justices of the peace to issue the writ, and intrusted to the supreme court of the

District the responsibility of making rules of practice. This being so, it is apparent that upon either view, the jurisdiction must be sustained, as the supreme court has promulgated rules which are in harmony with the provisions of said sec. 445 of the Code. Jurisdiction having been conferred by the statute, the rules did not constitute legislation. If objection is made that the section of the Code conferring jurisdiction is not sufficiently explicit, the answer is that we may look to other sections of the Code to ascertain what Congress meant by the phrase "all proceedings by attachment."

The bond which was filed in this case was in due form, and on its face answered all the requirements of the statute. It appears from the affidavits filed therewith that the agent who executed the bond was the credit clerk of the plaintiff. This bond was filed on the 29th of April, 1910, and it was not until May 11th following that the motion to quash the attachment was filed. In the meanwhile the plaintiff, although charged with knowledge of what had been done, took no steps to repudiate the acts of its agent as being beyond the scope of his authority. Upon the filing of the motion to quash, the plaintiff promptly and expressly declared the agent to have had authority to execute said bond in the name of and as agent for the plaintiff, and fully adopted his act. It is apparent, therefore, that the plaintiff was thereafter estopped to deny liability under said bond. In *Bank of Augusta* v. *Conrey,* 28 Miss. 667, where the facts were almost identical with the facts in this case, the court said: "The bond was in due form. Under all circumstances it was obligatory upon the agent and the sureties, and bound the principals, if the agent acted under their authority. The principals appeared in court and prosecuted the attachment which had been sued out in their name by a person assuming to act in the transaction as their agent. This must be regarded as a full recognition of his authority, and hence would estop them, in a future action on the bond, from contesting its validity. This point was expressly decided by this court in *Dove* v. *Martin,* 23 Miss. 588." See also Mechem, Agency, 151.

But it is insisted that the filing of a proper bond is jurisdictional, and hence that the agent's authority to execute the bond for his principal should fully appear before the writ is issued. This contention is in conflict with the decision of the Supreme Court of the United States in *Cooper* v. *Reynolds,* 10 Wall. 308, 19 L. ed. 931, and obviously is not the view entertained by Congress, for, as we have seen, sec. 449 of the Code, which follows the provision of the Code requiring the filing of a bond in attachment proceedings, affords a remedy in case the defendant or any other person interested in the proceeding is not satisfied with the sufficiency of the surety or sureties, or with the amount of the penalty named in the bond. In *Cooper* v. *Reynolds* the court held that though the affidavit preceding the issuance of the writ might be so defective as to warrant a reversal of the judgment by an appellate court, such defect would not deprive the court of the jurisdiction acquired by the writ levied upon defendant's property, and that the proceeding being *in rem,* the levy of the writ "is the one essential requisite to jurisdiction." We think the reasoning of the Supreme Court in the above case applicable here. The court had acquired jurisdiction by the issuance and levy of the writ, and if the bond was defective, the defendant could move to quash the attachment.

The authority of the agent to execute the bond having been challenged, and that authority having been declared to exist by the principal, who, even without making such a declaration, would have been estopped to deny such authority by its prosecution of the suit, it follows that the court erred in quashing the writ, unless the affidavits in support of the application therefor were defective. Upon this question we express no opinion, for the reason that the learned trial justice, in case No. 2217, which was heard with this case, granted the motion of the plaintiffs in that case for leave to amend their affidavits, which, as in this case, were made upon information and belief. It is apparent, therefore, that the learned trial justice overruled the motion in this case because he entertained the opinion that the bond was fatally defective.

The judgment will therefore be reversed, with costs, and the cause remanded, with leave to the plaintiff to amend its affidavits in support of its application for the writ, if so advised.                                           *Reversed and remanded.*