22299. SOUTHERN FINANCE CORPORATION *v.* COLLINS.

STEPHENS, J. 1. The notice required by section 5103 of the Civil Code of 1910 to be served upon a defendant in attachment, and which must be returned with service thereon "to the court in which said attachment is pending," and which confers on the court jurisdiction to render a personal judgment against the defendant, is notice "of the pendency of such attachment and of the proceedings thereon." Where the attachment has

not been returned to the court to which it is returnable, there is no attachment pending in that court, and a notice to the defendant in attachment given after the filing of a declaration in attachment, that the attachment is pending and a service on the defendant of notice of the pending of the attachment and of the declaration in attachment filed in the court to which the attachment was returnable (but to which the attachment had not been returned) is, notwithstanding the attachment may, after the perfecting of such notice and service, have been returned to the court to which it was returnable under the law, but to a term subsequent to the term to which it was returnable, insufficient to confer jurisdiction upon the court to render a personal judgment against the defendant; and a judgment thereafter rendered, after the attachment had been returned to the court as indicated, was invalid, and such invalidity could be set up by an affidavit of illegality. The return of the attachment by the constable who levied it to the sheriff, where the attachment was returnable to the superior court, was not a return of the attachment to the court. *Latimer* v. *Sweat*, 125 *Ga.* 475 (54 S. E. 673). In *Hodnett* v. *Stone*, 93 *Ga.* 645 (20 S. E. 43), where it was held that a judgment dismissing the declaration in attachment, upon the ground that the levy of the attachment had been dismissed by the levying officer before the defendant had been served personally, was error, it appeared that at the time of the dismissal of the levy the declaration was pending in the court to which the attachment was returnable. And in *McAndrew* v. *Irish-American Bank*, 117 *Ga.* 510 (43 S. E. 858), where it was held that although the attachment itself was absolutely void, this was no ground for dismissing the declaration in attachment, the attachment had been returned to the court to which it was returnable, and before the declaration was filed.

2. The court did not err in overruling the motion to strike the affidavit of illegality filed to the levy of an execution issued upon a judgment in personam rendered in the proceedings on attachment against the defendant, and did not err in directing a verdict sustaining the affidavit of illegality.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED FEBRUARY 23, 1933.

*Hull, Barrett & Willingham, E. D. Fulcher,* for plaintiff.
*B. B. McCowen, Isaac S. Peebles Jr.,* for defendant.