400

## 24502. COLLINS v. SOUTHERN FINANCE CORPORATION.

JENKINS, P. J. 1. A plaintiff in attachment may amend his bond, "as in other cases at common law." Code of 1933, § 8-610. Under section 8-113, where the amount named in the bond is less than half of the amount for which the attachment was issued, the remedy prescribed for the defendant is to question the sufficiency of the bond and obtain additional security or a new bond in the manner provided. Accordingly, in the instant case, where the attachment was issued for eight hundred dollars, but the penalty stated in the bond was only sixteen dollars, a judgment on the attachment was not rendered void by the insufficiency in the amount of the bond, especially where the question was not raised in the attachment proceeding.

2. "The plaintiff, his agent, or attorney at law *may* give notice in writing to the defendant of the pendency of [the] attachment and of the proceedings thereon, which shall be served personally on the defendant," and after such personal service in the manner prescribed, and the filing of a declaration at the first term, "the judgment rendered upon such attachment shall have the same force and effect as a judgment rendered at common law." Code of 1933, §§ 8-601, 8-602. In such event, or where the defendant has appeared and made defense by himself or attorney, or given bond and security, there shall be a general judgment and execution, which, although it is levied first on the property attached, binds all the property of the defendant and may subject it to any deficiency after the first levy. In other cases, where there is no personal service or appearance, but where the proceeding is purely in rem, a judgment in rem may be entered only against the property attached, binding only such property. Code of 1933, § 8-901.

3. In the purchase-money attachment here involved, as held on a previous writ of error (*Southern Finance Corporation* v. *Collins*, 46 *Ga. App.* 485, 168 S. E. 84), since no proper personal notice of the pendency of the proceedings was given to the defendant, the trial court had no jurisdiction to render a personal judgment against him, and the portion of the judgment seeking to do so was illegal and ineffective. But such illegal portion of the judgment did not make void the remaining legal portion, rendering a judgment in rem against the proceeds of the attached property which had been previously sold under a quick-order sale. *Latimer* v. *Sweat*, 125 *Ga.* 475 (2), 477, 478 (54 S. E. 673); *Scarborough* v. *Merchants & Farmers Bank*, 131 *Ga.* 590, 592 (62 S. E. 1040); *Mahone* v. *Perkinson*, 35 *Ga.* 207, 208. Accordingly, since the attachment was legally issued and returned, the declaration properly filed (see *Nixon* v. *Russell Piano Co.*, ante, 399), and a valid judgment in rem was entered thereon, the sale of the property specifically attached was not illegal, and the court did not err in dismissing on general demurrer the petition based upon the alleged conversion of the property.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED JUNE 14, 1935.

*B. B. McCowen, Isaac S. Peebles Jr.,* for plaintiff.
*Hull; Barrett & Willingham, E. D. Fulcher,* for defendant.