Small *v.* Sturgis Lbr. Co.

Feb. 9, 1953

No. 38665 19 Adv. S. 22 62 So. 2d 765

*P. L. Douglas,* for appellant.

*Daniel, McKee & McDowell,* for appellee.

518

MᴄGᴇʜᴇᴇ, C. J.

This suit involves an attachment at law and numerous grounds of error are assigned by the appellant, Gordon Small, for a reversal of the case.

First. It is contended that the motion to quash the attachment should have been sustained for the reason (a) that the affidavit in attachment was made on March 19, 1951, the writ issued and levied on the same day and the bond was not marked approved by the circuit clerk until March 20, 1951; and (b) that the affidavit in attachment set forth four grounds therefor in the disjunctive instead of in the conjunctive, the affidavit having averred ''that the defendant is a nonresident of the State of Mississippi; or that he has removed himself out of the State of Mississippi or is about to remove the property therefrom; or that he absconds and conceals himself so that he can not be served with summons; or that he fraudulently contracted the debt or incurred the obligation for which suit is about to be brought.''

We shall discuss this first assignment of error and some of the others in what we deem to be the order of their importance.

The undisputed proof discloses that the affidavit was made and the bond given on March 19, 1951, and that the bond was shown to the sheriff at the time the writ of attachment was issued on that day. Both the sheriff and the circuit clerk testified that it was a good bond. The clerk merely failed to note the fact of his approval on the bond until the next day. The writ of attachment issued on March 19, 1951, recited ''and bond and security having been given according to the statute.'' Section 2683, Code of 1942, reads in part as follows: ''On affidavit being made and bond given, the officer approving the bond shall issue one or more writs of attachment against the estate of the debtor, directed to the sheriff, or any constable . . .''

The appellant cites the cases of Ford v. Hurd, 12 Miss. 683, (4 S. & M. 683) and Ford v. Woodward, 10 Miss. 260, (2 S. & M. 260), but in the case of Ford v. Hurd the Court held that no bond was given and that therefore the attachment was void; and in the case of Ford v.

Woodward neither had an affidavit been filed nor a bond given and that therefore the writ of attachment issued was without foundation and void. We think that the case of Bank of Augusta v. Conrey, 28 Miss. 667, is more applicable and that the holding therein tends to support the validity of the writ of attachment issued in the instant case. In that case the trial court quashed the writ on the ground that no legal and sufficient bond had been executed by the plaintiff before the writ was issued, and that no bond and affidavit were returned and filed in court at the return term of the writ. On appeal, this Court held that no injury had or could have resulted to the defendant in the attachment by reason of the failure of the officer to return the affidavit and bond on the particular date required by law. In the case at bar no injury resulted to the defendant in the attachment, since the bond was given and the sureties became bound thereon, when they signed the same with the plaintiff and permitted the same to be delivered to the officers. Neither the principal nor the sureties could complain that the clerk had not marked it approved before he issued the writ of attachment, since in fact it had met with his approval as a good and sufficient bond and he had called it to the attention of the sheriff as affording a protection to him in the execution of the writ then delivered to the executing officer.

 As to ground (b) relied on to quash the attachment, it appears that printed forms of an affidavit and bond were used and that all of the statutory grounds listed therein as bases for the attachment had been crossed out except grounds 1, 2, 3 and 8, but that the affiant and the issuing officer had failed to substitute in the printed forms of the affidavit and writ the conjunctive "and" in the place of disjunctive "or", between each of the four grounds alleged for attachment. While we are of the opinion that it would have been the better practice to have specified the grounds of attachment in the con-

junctive instead of in the disjunctive, we do not think that the failure to do so would constitute reversible error, and we have been cited to no case so holding.

Second. The appellant contends that the trial court was in error in not awarding to him a writ of inquiry for the assessment of damages, and in not requiring the return of part of the attached property to him upon the dismissal of the attachment as to such part of the property attached. The attachment was levied upon a truck and trailer. Whereupon, claimant's affidavit was interposed by a finance company as to the truck because it held a retain title conditional sales contract thereon for an indebtedness amounting to as much or more than the value of the truck. On the second day of the return term of the court, the plaintiff in the attachment proceeding agreed with the claimant to release the truck from the attachment. At that time, the defendant in the attachment had not appeared to make defense to the suit. When he did appear, the attachment issue was tried and the writ of attachment was sustained as to the trailer. He did not deny the indebtedness of $900.39 for which the property was attached. The attachment was sustained by the verdict of a jury as to the trailer. ▬▬ We do not think that the prior release of the truck by agreement of the plaintiff in attachment and the claimant amounted to a withdrawal or dismissal of the attachment, but merely represented a recognition on the part of the plaintiff in attachment that the claimant had a better right to the possession of the truck for which it had given bond as claimant, insofar as the plaintiff and the claimant were concerned. Then, too, if the defendant in attachment had prevailed on the attachment issue, he still had the right to contest the right of the claimant to the truck and to recover the same from the claimant or to recover the value against the claimant's bond if he could have shown that the claimant was not entitled to the possession thereof. ▬▬ As

to the contention of the defendant in attachment that the plaintiff therein should not have released the truck, we are of the opinion that an attachment debtor is in no position to complain that a part of the attached property was released by his creditor from the attachment, and especially where the claimant had executed a good and sufficient bond for its forthcoming to await the final judgment of the court.

Third. It is contended by the defendant in attachment that it was error for the trial court to have admitted testimony showing that he had given a bad check for the lumber purchased from the attaching creditor. ▆▆ Such proof tended to sustain the ground of attachment set out in the affidavit to the effect "that he fraudulently contracted the debt or incurred the obligation for which suit is about to be brought." Moreover, we think that there was sufficient proof to warrant the jury in finding that the first ground of attachment was sustained to the effect "that the defendant is a nonresident of the State of Mississippi." However, if either of the grounds were sustained by the proof, then the attachment was not wrongfully sued out.

Fourth. The defendant in the attachment contends that the court should have submitted to the jury, as a question of fact, whether or not the bond was tendered to and approved by the officer issuing the writ of attachment, before the writ was issued. ▆▆ We do not think that there was error committed in that regard for the reason that there was no dispute in the testimony as to the facts on that issue, and then, too, the point was related to the question of whether the writ of attachment should have been quashed, and that was an issue to be determined by the court.

Fifth. The defendant in the attachment contends that he was entitled to a peremptory instruction on the attachment issue. We think that this contention is without merit for the reason that the proof is undisputed

that the defendant purchased and received a bill of lumber from the plaintiff at a cost of $900.39 by means of giving a check on a bank at Kankakee, Illinois, which went to protest on the ground that his account at the bank had been closed, and he did not deny that he still owed for the purchase price of the lumber so obtained.

We deem it unnecessary to discuss the several other assignments of error since we are of the opinion that they were not well taken on the basis of the facts hereinbefore stated. The judgment appealed from must therefore be affirmed.

Affirmed.

*Hall, Lee, Arrington,* and *Lotterhos, JJ.,* concur.