**Bernard HARTZ, Appellant,**

v.

**Freda Kimmel SEGNER and Nettie Weintraub, Appellees.**

**No. 2633.**

Municipal Court of Appeals for the District of Columbia.

Argued Sept. 19, 1960.

Decided Nov. 28, 1960.

---

7. See Baldinger v. Banks, Sup., 201 N.Y.S.2d 629, for a recent application of this theory.

· Leonard B. Meyers, Washington, D. C., for appellant.

Herman Miller, Washington, D. C., for appellees.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

In May 1956 the parties to this action entered into a conditional sales contract wherein appellant agreed to pay $7,500, in monthly installments of $125, for the purchase of appellees' retail dress shop and certain of its furnishings. Sometime later, appellant failed to make a payment at the time stipulated and appellees filed this suit alleging that by reason of the default, the entire balance of $3,000 had become immediately due and payable under an acceleration clause of the agreement. So that it might also serve as an affidavit for a writ of attachment before judgment,[1] the complaint further recited that appellant was in the process of liquidating the business for the purpose of removing his assets from the District of Columbia and disposing of the property so as to evade his creditors. One of appellees deposed that the facts and matters thus set forth were "true to the best of her knowledge and believe [sic.]." Accordingly, a writ was issued and numerous items of appellant's property seized.

Appellant denied any intention of attempting to escape his financial obligations and filed a motion to quash the writ on the grounds that the affidavit upon which it was granted was defectively drawn. From the denial of this motion an appeal was taken which was subsequently dismissed as premature.[2] The legal efficacy of the affidavit is again raised by the present appeal and will be considered by us.

The acceleration provision under which appellees instituted this suit was not written into the contract nor was it even mentioned therein, but it was present in the promissory note that appellant executed to evidence the debt. Appellant objected to the note at trial, asserting that its admission would transform the action into a suit on the note. He argued that the court was restricted to the terms of the written contract and that it showed a default of one payment of $125, not a matured obligation of $3,000. Further proceedings were held in connection with the grounds for the attachment before judgment. Thereafter, judgment was entered for appellees in the full amount as well as an order authorizing condemnation of the attached property.

■ We believe that appellant's objection to the introduction of the promissory note is unfounded. He does not dispute that both the contract and the note were executed contemporaneously or that he signed both documents knowing of, and acceding to, their contents. Furthermore, while the acceleration clause was not expressly incorporated into the contract, no less than four separate references to the note were made in the agreement, illustrating that the provisions of both instruments were an integrated part of a single understanding. To give effect to the intentions of the parties, it was therefore necessary that both instruments be construed together. The note simply supplied an additional term of the agreement and did nothing to alter the cause of action.

■ Appellant next contends that appellees' affidavit was insufficient because it was sworn to on knowledge and belief instead of in a positive and unqualified manner. He urges therefore that it was error for the trial court to deny the motion to quash the writ issued pursuant thereto. Whatever merit this argument may have is obviated by the fact that a supplemental affidavit was before the court at the hearing on the motion and may be deemed to have cured the alleged irregularity in the original

1. Code 1951, 16–301.

2. Hartz v. Segner, D.C.Mun.App.1960, 157 A.2d 810.

affidavit. Authority for this corrective procedure may be found in W. B. Moses & Sons v. Hayes[3] where, under similar circumstances, the United States Court of Appeals remanded the case so that a defective affidavit, sworn to on information and belief, might be amended.[4]

Affirmed.

Chief Judge ROVER sat during the argument of this case but died before it was decided.

---

3. 1911, 36 App.D.C. 194.

4. We might also call attention to § 13–301 of our Code which in all judicial proceed-

ings vests the court with the discretion "to allow supplemental or substituted affidavits to be filed."