**METRO RENTALS, INC., Appellant,**

v.

**Lee James WAGNER, Appellee.**

**No. 80–859.**

District of Columbia Court of Appeals.

Argued Jan. 29, 1981.

Decided Sept. 25, 1981.

John Geyer Tausig Washington, D.C., for appellant.

Phillip R. McDonald, Washington D.C., with whom Gerard W. Ittig, Washington, D.C., was on the brief, for appellee.

Before MACK, FERREN and PRYOR, Associate Judges.

MACK, Associate Judge:

Appellant, Intervenor (below) Metro Rentals, Inc., appeals from the order of the Superior Court denying its motion to quash appellee's writ of attachment on certain funds of defendant corporation Butcher, Nolan, and Wagner, Inc. For the reasons stated herein, we affirm.

The procedural history of this case is as follows. In July 1979, appellee obtained a Virginia judgment against defendant for $23,010 plus interest. Appellee filed a complaint in Superior Court in August 1979 alleging that the judgment had not been satisfied and requesting that judgment be entered in his favor in the amount of $23,010 together with interest, costs and reasonable attorneys' fees. Appellee also filed a motion for a prejudgment writ of attachment on funds being held for defendant by a local law firm (garnishee), and a motion to waive bond.[1] The Superior Court granted the motion for the writ and ordered appellee to post bond in the amount of $23,010. Appellee posted bond in the amount ordered, and the writ was served on garnishee on September 27, 1979.

Appellant obtained a Maryland judgment against defendant in December 1977, for $23,289.23. On January 4, 1980, it commenced an action in the District to satisfy judgment and it moved for a prejudgment writ of attachment on the same funds held by garnishee.[2] On January 24, 1980, appellant filed a motion to intervene in appellee's suit for the purpose of filing a motion to establish priority of its lien over appellee's. Intervention was allowed, and in appellant's motion to establish priority, it contended that appellee's writ was invalid due to his failure to file a bond in twice the amount of his claim before the writ was issued, thereby violating D.C.Code 1973, § 16–501(e). Consequently, appellant requested that appellee's writ be quashed.

After a hearing, the Honorable John D. Fauntleroy denied appellant's motion and ruled that appellee's writ should not be quashed "merely because there was some non-compliance with the exact [provision of the] statute" and that an adequate statutory remedy was available to an interested party unsatisfied with the amount of bond provided—*viz* D.C.Code 1973, § 16–505. In a subsequent combined hearing on the complaints and other motions of the parties, the Honorable Harriett R. Taylor entered default and condemnation judgments against defendant and in favor of appellant and appellee and ordered the clerk to pay appellant $3,465.35 and appellee $25,110.80 from the funds deposited into the Registry by garnishee.

On appeal, as in the trial court, appellant seeks to establish the "priority" of its lien by having appellee's writ declared void for his failure to file a bond in twice the amount of his claim. Appellant, in effect, argues that the filing of a proper bond is jurisdictional. We disagree.

Our discussion of the merits must start with a review of the pertinent statutory provisions. Section 16–501(e) provides that in cases where an attachment before judgment is sought:

Before a writ of attachment and garnishment is issued, the plaintiff shall first file in the clerk's office a bond, executed by himself or his agent, with security to be approved by the clerk, in twice the amount of his claim, conditioned to make good to the defendant all costs and damages which he may sustain by reason of the wrongful suing out of the attachment; except that in any case in which the plaintiff states in his affidavit that the value of specified property to be levied upon is less than the amount of his claim, the court may set the amount of such bond in an amount twice the value of the property being attached . . . .

1. Throughout the initial proceedings, there was no opposition to appellee's motions.

2. Appellant's motion was granted, and it posted bond in double the amount of its claim. The writ was served on garnishee on July 7, 1980. Prior to this date, and pursuant to a court order, garnishee deposited the funds held ($28,575.15) into the Registry of the Court.

■ Generally, the purpose of requiring an attachment bond is to provide security on which recovery by attachment debtors may be had in the event of improper use of attachment or when damages are sustained by reason of attachment. *See Washington Building Services v. United Janitorial Services, Inc.,* 122 U.S.App.D.C. 202, 352 F.2d 678 (1965); *Davis v. Peerless Insurance Co.,* 103 U.S.App.D.C. 125, 255 F.2d 534 (1958); D.C. Code 1973, § 16–501(e); *see generally* 7 C.J.S. *Attachment* § 116 (1980). Unlike the supporting affidavit which is the basis for issuing the writ of attachment and therefore the cornerstone of the court's jurisdiction, *see Rieffer v. Home Indemnity Co.,* D.C.Mun.App., 61 A.2d 26, *modified,* 62 A.2d 371 (1948), the filing of a proper bond is not jurisdictional. *Cooper v. Reynolds,* 77 U.S. 308, 10 Wall. 308, 19 L.Ed. 931 (1870); *W. B. Moses & Sons v. Hayes,* 36 App.D.C. 194 (1911). Consequently, other jurisdictions adhering to this view hold that bonds tendered in an amount found to be insufficient do not render the attachment void; rather amendment is in order upon proper application of the parties. *See, e.g., Collins v. Southern Finance Corp.,* 51 Ga.App. 400, 180 S.E. 744 (1935); *Corbin v. St. Lucie River Co.,* 78 So.2d 396 (Fla.1955); *Charles Mix County Bank v. Calta,* 45 S.D. 564, 189 N.W. 527 (1922).

Provision is made in our Code to correct bonds found to be insufficient in amount. Section 16–505 provides:

> The defendant or any other person interested in the proceedings who is not satisfied with the sufficiency of the surety or with the amount of the penalty named in the bond filed pursuant to Section 16–501, may apply to the court for an order requiring the plaintiff to give an additional bond in such sum and with such security as may be approved by the court. If the plaintiff fails to comply with any such order the court may order the attachment to be quashed and any property attached or its proceeds to be returned to the defendant or otherwise disposed of, as to the court may seem proper.

In holding that the bond requirement was not jurisdictional, the court in *Hayes, supra,* relied on the fact that a statutory remedy was available to those interested persons unsatisfied with the surety provided.

■ Reading together sections 16–501(e) and –505, and keeping in mind the general purposes of bond requirements we hold that under the circumstances of this case the Superior Court did not err in denying appellant's motion to quash. Appellant does not contend that appellee's writ was deficient or his claim unfounded nor does it contend that appellee had any fraudulent intent in filing his motion to waive bond. To the contrary, appellee's claim was well founded in light of the foreign judgment he obtained against defendant and no fraud was apparent given his intention to post bond in whatever amount the court ordered. Not once was it contended that appellee's bond was insufficient to protect the interests of defendant. Indeed, the record discloses that a principal of the defendant corporation transferred his majority interest in the corporation to appellee.

■ We do not believe that quashing the affidavit would serve either the purposes or spirit of the bond requirement. Providing for the security of the debtor-defendant is more adequately and equitably accomplished through application filed under section 505. While we strongly disapprove of any attempt by our trial courts to reduce the bond amount below that figure set by section 501(e), we do not believe, at least under the facts of this case, that quashing appellee's writ of attachment was warranted. If appellant was unsatisfied with the amount of security provided, its remedy was to first pursue an application under section 505, and to thereafter move to quash in the event of appellee's failure to comply with any order of the court.

*Affirmed.*