Kimball *vs.* Nicol & Davidson.

HANNIBAL I. KIMBALL, plaintiff in error, *vs.* NICOL & DA-
VIDSON, defendants in error.

In attachment, not until after there has been rendered such final judg-
ment as the law provides for, is it too late to appear and plead. A
general judgment against the defendant in *personam*, where only a
special judgment against the property was authorized, is not abso-
lutely final, and does not exclude subsequent appearance and the
filing of a plea of discharge in bankruptcy. The plaintiff cannot,
by amending the judgment while the plea is in, avoid having it tried
and disposed of. An *ex parte* order for such amendment should be
set aside on motion.

Attachment.   Judgments.   Pleadings.   Practice in the
Superior Court.   Before Judge PEEPLES.   Fulton Superior
Court.   April Adjourned Term, 1876.

On January 2d, 1872, Nicol & Davidson commenced suit
by attachment against Kimball. A declaration was filed at
the April term, 1872, and at the next succeeding term, on
October 26th, 1872, a general judgment was rendered by
the court in favor of the plaintiffs against defendant. On
June 8th, 1876, during a regular term, the defendant ap-
peared and filed a plea, under oath, of a discharge in bank-
ruptcy. Afterwards, on the same day, in the absence of
defendant's attorney, plaintiffs moved for the following
order:

"In this case, on application of plaintiffs, it is ordered
that the judgment be so amended as to be levied only of
the goods and chattels, lands and tenements, levied upon by
the attachment. This June 8th, 1876."

The order was granted. Before it was spread upon the
minutes, defendant moved to set it aside upon the ground
that, in view of the state of the case and the pleadings, it
was improper, and the judgment, as amended, was irregular
and unauthorized by law; that the general judgment was
void, and not susceptible of amendment.

The court refused to set aside the order allowing the
amendment, and to this the defendant excepted.

JNO. L. HOPKINS; B. H. HILL & SON; CANDLER & THOMSON, for plaintiff in error.

COLLIER & COLLIER; P. L. MYNATT, for defendants.

BLECKLEY, Judge.

In attachment, founded on contract, where there has not been notice, replevy, or appearance, to give the court jurisdiction over the defendant's person, and the plaintiff has, nevertheless, procured the court, without the intervention of a jury, to render a general judgment, such judgment is so far *prima facie* void as that the defendant may, at a subsequent term, file an issuable plea, on oath, to the action, without first moving to set the judgment aside. And while such plea is undisposed of, the plaintiff cannot ignore the appearance and pleading of the defendant, and have the judgment changed, by amendment, into a special judgment against the property attached. Defendant, by the express terms of the Code, section 3310, may appear and make his defense at any time before final judgment is rendered against him; and so long as a judgment, obtained in his absence and without notice to him, is so defective that a sale under a *fi. fa.* conforming to it would be void, (52 *Ga.* 389,) it cannot be regarded as absolutely final, though it may not be absolutely void for all purposes.

In the present case, when the plaintiffs in attachment obtained their original judgment, they were entitled to a judgment against the property attached. Code, section 3328. But they took no judgment against that. They took a general judgment against the debtor in *personam.* This judgment was no absolute finality to the attachment proceeding. It was a legal *non sequitur.* The whole logic of the record had to be revised, and a different conclusion drawn. Before this revision took place, the premises were materially changed. The defendant appeared and filed an issuable plea on oath. After this had occurred, the plaint-

iffs were entitled to a general judgment *in personam*, if the plea proved to be untrue. If it proved to be true, as it simply set up a discharge in bankruptcy, and not under circumstances which dissolved the attachment, the plaintiffs would be entitled to a judgment for the enforcement of the attachment lien—substantially the same judgment which they should have taken at first, to-wit, a judgment against the property attached. But the debtor, if he came in time, is entitled to have the truth of his plea settled, and to that end, is entitled to have the opportunity of proving it true. The disposition made of it may be of consequence in another suit on the same debt, should any such be brought against him in the future. Was he too late to appear and plead? This is the sole question. Section 3310 of the Code holds the case open for appearance and defense until final judgment is rendered; and section 3328 declares, in effect, that the final judgment shall be against the property attached, and against that only. Was there such a judgment before the plea was filed? The record answers, no. It was in the nature of a final judgment, but was so far from being final, that a sale under an execution conforming to it would have been void. 52 *Ga.*, 389. Perhaps, if no plea had been filed, it might have been amended and thus made final—35 *Ga.*, 207. But a plea *was* filed, and, as it was in time, the plaintiffs could not *flank* it by making a material addition to a record which recited the absence of an issuable defense. Can it be believed that a plea of *non est factum*, or of payment, could be thus evaded? While a plea of discharge in bankruptcy stands on lower moral ground, the plea is, nevertheless, sufficient to raise an issue for trial—44 *Ga.*, 161. The case is converted from a proceeding *in rem* into a proceeding in *personam*. Whatever judgment shall finally be rendered, will be a judgment between party and party, and will bind both parties for all time, and in all jurisdictions. If the debtor should not make good his plea, the judgment will be the same, in extent, as the one originally rendered; if he should make it

good, it will be little, if any, different, in extent, from that which was sought to be wrought out by the proposed amendment. But, in either event, the matter of the plea will be disposed of ; and to have it disposed of is the debtor's right.

Judgment reversed.