THOMAS S. IRBY *et al.,* plaintiffs in error, *vs.* JAMES L. BROWN, defendant in error.

1. Suit was brought against an administrator, both in his individual and representative capacity. Judgment was rendered in August, 1867, but was entered against the defendant individually only. Execution issued against him in both capacities, upon which various

· entries were made, some of them credits. In July, 1873, the *fi. fa.* was transferred, and again in January, 1875. In February, 1877, the second transferee moved to amend the judgment so as to make it conform to the pleadings: *Held*, that the motion was not barred by lapse of time.

2. Judgment against an administrator individually, if no property of the estate can be found, should only be entered in the cases enumerated in §3573 of the Code.

Practice in the Superior Court. Amendments. Judgments. Administrators and executors. Statute of limitations. Before Judge POTTLE. Taliaferro Superior Court. February Term, 1877.

Reported in the decision.

JNO. C. REED; W. H. BROOKE, for plaintiffs in error.

M. W. LEWIS, for defendant.

WARNER, Chief Justice.

This was a motion to amend a judgment. On the 5th of February, 1867, Lyne sued Thos. S. Irby in his individual capacity, and as the administrator of Abraham Irby, on a promissory note for $1,655.53, and obtained judgment thereon on the 29th of August, 1867, which judgment was entered up against the defendant in his individual capacity only. An execution issued upon that judgment against the defendant in his individual capacity, and as administrator. There were several entries made on the *fi. fa.* by the clerk and sheriff, and some credits entered thereon. In July, 1873, Lyne transferred the *fi. fa.* and judgment to Downing, and on the 23d of January, 1875, Downing transferred the same to Brown. The defendants offered in evidence an administrator's bond signed by Thos. S. Irby, as principal, and Jas. W. Asbury and Thos. A. Lyne as securities. The motion to amend the judgment was made in February, 1877. The motion to amend was resisted, principally on the ground of the lapse of time, but the court ordered the

judgment to be amended and entered up against the defendant, Thos. S. Irby, in his individual capacity, and Thos. S. Irby as administrator of Abraham Irby, to be levied of the goods and chattels, etc., of said Thos. S. Irby, and the goods and chattels, etc., of the said intestate in the hands of said administrator to be administered, if to be found, "and if not to be found, then of the individual property of said Thos. S. Irby." Whereupon the defendants excepted.

We find no error in allowing the judgment to be amended so as to make it conform to the pleadings in the record, but the latter part of the judgment, to-wit: ".and if not to be found, then of the individual property of said Thos. S. Irby," was not authorized by the pleadings in the record. The pleadings in the record do not show that the defendant pleaded *ne unques* administrator, or a release to himself, or *plene administravit*, or *plene administravit præter*, and that his plea was found against him. See Code, §3573. We affirm the judgment of the court below, with directions to strike out of the amended judgment so much thereof as is not authorized by the pleadings in the record.

Judgment affirmed, with directions.