## GUILL *vs.* PIERCE & LITTLE.

Where an action was brought by copartners in a county court, and from a judgment therein the defendant appealed, and, on motion, the appeal was dismissed and judgment was rendered for the plaintiffs, although one of the partners had died pending the appeal and before the judgment in the superior court, and no order was taken allowing the action to proceed in the name of the survivor, the judgment was amendable, and a motion to set it aside was properly overruled.

November 23, 1886.

Partnership. Amendment. Judgments. Parties. Before Judge LUMPKIN. Hancock Superior Court. April Term, 1886.

Reported in the decision.

J. T. JORDAN, for plaintiff in error.

JAMES A. HARLEY, by brief, for defendants.

JACKSON, Chief Justice.

This was a motion to set aside the dismissal of an appeal because the action had been brought by copartners, one of whom was dead when the appeal was dismissed, and no order was taken before the dismissal that the action proceed in the name of the survivor. The court refused the motion to set aside, and this refusal is the error assigned.

The judgment was amendable, and therefore should not have been set aside. The action survived, and the judgment could be made to read by amendment *nunc pro tunc* in the name of the living partner as survivor.

Judgment affirmed.