## LATIMER *v.* SWEAT.

125　475|
129　831|
f130　724

1. Where in an attachment case it is desired to proceed to obtain a general judgment against the defendant, notice in writing should be given to him of the pendency of such attachment, and of the proceedings thereon. The original notice with the entry of service upon it should be returned to the court in which the attachment is pending. Where an attachment is sued out before a justice of the peace, returnable to a city court, it is not a sufficient compliance with the Civil Code, § 4557, on the day when the attachment is levied by the constable, and before it has been returned to the court or is there pending, to give notice of its issuance and levy.

2. Where in an attachment case no proceedings were taken as provided by law for the purpose of obtaining a general judgment against the defendant, but the judgment entered up was both generally against the defendant and specially to be enforced against the property attached, such a judgment could be amended by striking the general feature of it even after the expiration of the term when it was rendered.

3. The amendment of the judgment made was broader than the application and the facts required. It should be corrected accordingly.

Submitted March 3,—Decided May 16, 1906.

Motion to amend judgment. Before Judge Reynolds. City court of Waycross. July 13, 1905.

On January 20, 1902, Latimer made affidavit before a justice of the peace for the purpose of obtaining an attachment for purchase-money against D. J. Crawley & Company, a partnership alleged to be composed of D. J. Crawley and Cary Sweat. An attachment was issued, and, on January 23, was levied on the property described in it. On the same day a notice was directed to D. J. Crawley & Company, a partnership composed of D. J. Crawley and C. M. Sweat. The body of it was as follows: "You are hereby notified an attachment has been issued in my favor, which is returnable to the March term of the city court of Waycross, in and for Ware county, Georgia, and that at said term of said court I will proceed as provided by law to obtain a general judgment in said attachment case; and this notice is served upon you for the purpose of said attachment and judgment." This was served by a constable on D. J. Crawley on January 25, and on C. M. Sweat on February 1. The affidavit, bond, attachment and entry of levy were filed in the city court of Waycross, to which the writ was returnable, on March 3. The original notice was filed on March 10. It was admitted in the pleading that Sweat did not appear and plead or make any

defense to the proceeding. On June 17, the judge of the city court entered a general judgment against the defendants personally, and also a special judgment to be collected from the property attached. Sweat moved to set aside the judgment, denying that he was ever a member of the firm or that he had been served with notice of the issuance of the attachment, traversing the entry of the constable to that effect and alleging that the constable who levied the attachment was a constable of Charlton county. This petition was dismissed, and the judgment was affirmed by the Supreme Court. *Sweat v. Latimer,* 119 *Ga.* 615. He filed an affidavit of illegality to the execution, but this was dismissed for want of prosecution. On June 19, 1905, he made a motion to amend the judgment so that as to him it should only bind the property attached, and be so entered. One ground of the petition attacked the sufficiency of the notice of the attachment and of the proceedings thereon under the Civil Code, §4557. The court sustained the motion and amended the judgment which had been entered. The plaintiff excepted.

*J. Walter Bennett,* for plaintiff.

*John T. Myers* and *Leon A. Wilson,* for defendant.

LUMPKIN, J. (After stating the facts.) 1. Primarily, a proceeding by attachment subjects only the property on which a levy is made, and the judgment is one to be realized from such property. A general judgment against the defendant is not rendered. The plaintiff in attachment may proceed for the purpose of obtaining a general judgment, in the manner pointed out by the statute. To do this, however, he must comply with the terms of the statute. The Civil Code, §4557, declares: "The plaintiff, his agent, or attorney at law, may give notice in writing to the defendant of the pendency of such attachment and of the proceedings thereon, which shall be served . . by giving him a copy of said notice at least ten days before final judgment on said attachment, and returning said original notice with his service entered thereon to the court in which said attachment is pending," etc. It will be observed that the notice required is of the *pendency* of such attachment and of the proceedings thereon, and that the return is to be made "to the court in which said attachment is pending." Such a notice takes the place of process, and brings the defendant before the court where the proceedings are. He is not required to be served with a copy of the attachment papers or of the declaration, but, upon being duly

notified, he can obtain the information necessary to his defense by application or inquiry in the court where the case is. It is therefore important to the defendant that the case shall be actually pending in some court, in order for this notice to be of any avail to him. An attachment issued by a notary public or justice of the peace, returnable to another court, is not pending in such other court, within the meaning of this statute, until the papers have been returned thereto. To notify the defendant that the justice of the peace has issued an attachment and that a constable has levied it, while the papers are still in the pocket of the bailiff, and not deposited in any court where the defendant can inspect them, is not a compliance with this section of the code. What was said in *Pool* v. *Perdue,* 44 *Ga.* 454, was in regard to the contents of the notice, and not as to the time when it should be served. In fact the notice in that case was served after the papers had been returned into court and the declaration in attachment had been filed. Moreover, no point appears to have been made which invoked a ruling on this question.

2. During the term when a judgment is rendered, the presiding judge has considerable power in regard to it, and may correct errors in it. After the term has expired he can not change, revoke, or correct a judgment merely because he may deem it erroneous. *Mc-Candless* v. *Conley,* 115 *Ga.* 48. Nevertheless, an irregularity in the judgment, apparent on the face of the record, may often be corrected after the expiration of the term; and irregular judgments may be made perfect. *Mahone* v. *Perkinson,* 35 *Ga.* 207; *Leonard* v. *Collier,* 53 *Ga.* 388; *Pryor* v. *Leonard,* 57 *Ga.* 136; *City of Atlanta* v. *Grant,* 57 *Ga.* 340; *Saffold* v. *Wade,* 56 *Ga.* 174; *Kimball* v. *Nicol,* 58 *Ga.* 175; *Irby* v. *Brown,* 59 *Ga.* 596; *Redd* v. *Davis,* 59 *Ga.* 823; *Guill* v. *Pierce,* 78 *Ga.* 49. Greater liberality of amendment is allowed in Georgia than in some other States. That part of the judgment which was against Sweat generally was unauthorized. *Carithers* v. *Venable,* 52 *Ga.* 389 (4). The entire judgment was not void, and therefore the motion to set it aside as a whole failed. That motion was also predicated upon facts not appearing of record. Dismissal of the affidavit of illegality did not prevent the correction of the judgment from the record. The amendment, so far as to prevent the judgment from being a general one against Sweat, was proper, but the order passed was too sweeping, inasmuch

as it sought to make a correction in regard to another party who was not before the court on this proceeding, and also struck out of the judgment the names of parties defendant altogether. The order should be so modified as to make the judgment not a general judgment against Sweat, and as to him to allow it to proceed only against the property attached.

*Judgment affirmed, with direction. All the Justices concur.*