McCOWEN, administrator, *v.* FLANDERS *et al.*

1. Equity will interfere to set aside a judgment of a court of competent jurisdiction only where the party had a good defense of which he was entirely ignorant, or where he was prevented from making it by fraud or accident, or the act of the adverse party, unmixed with fraud or negligence on his part.

2. The petition failing to allege that the wife did not have notice of the application for permanent letters of administration on the estate of her deceased husband, and it further failing to give any reason or excuse for her failure to caveat such application and to set up the matters which she alleges in her petition rendered the appointment of the administrator illegal, the court of ordinary having jurisdiction to grant such administration, and the errors in granting such administration amounting only to an erroneous exercise of jurisdiction, the action should have been dismissed upon demurrer.

3. As the court below erred in overruling the demurrer to the petition, all subsequent proceedings were nugatory; and it is therefore unnecessary

to consider any errors alleged to have been committed in the further progress of the case.

No. 3307. June 7, 1923.

Equitable petition. Before Judge M. D. Jones. Bibb superior court. June 14, 1922.

Pearl Flanders and Walter Kilgore filed their equitable petition in Bibb superior court; and alleged: (1) that R. F. McCowen and W. C. Turlington are residents of Bibb County, Georgia; (2) that McCowen filed his application with the ordinary of said county, on July 29, 1921, for appointment as temporary and permanent administrator of the estate of Robert Flanders, deceased; (3) that on August 2, 1921, McCowen, as temporary administrator of the estate of said Robert Flanders, filed in the municipal court of Macon a bail-trover action against Walter Kilgore for the recovery of certain described property of the value of $195; (4) that on August 5, 1921, said McCowen served notice of application for an order for sale of said property, which was to be heard on August 8, 1921, by the judge of the municipal court; (5) that Turlington is sheriff of the municipal court, and if said order of sale be granted, it would be his duty to sell said property at public outcry before the courthouse door; (6) that Pearl Flanders is the lawful wife of Robert Flanders, having married him in Macon, Bibb County, Georgia, in 1905; that she has never been divorced from him, and is his only lawful wife; that Robert Flanders died intestate on July 17, 1921, leaving her his sole heir at law; that petitioners allege on information and belief that at the time of his death Robert Flanders left debts due on his property unpaid; (7) that Robert Flanders died without leaving children; that Pearl Flanders has the right to possession of the estate as his wife and sole heir, and the right, without administration, to be regarded in law as the personal representative of her husband; that there is no legal necessity for administration, that the total value of said estate will not exceed the sum of $400; (8) that under the law the wife of a deceased is first entitled to act as administrator of his estate; (9) that an order granting administration in disregard of section 2943 of Park's Code is void and may be so declared at the suit of any one lawfully concerned; that the temporary letters so granted said McCowen are void; (10) that Pearl

Flanders as the lawful wife of Robert Flanders has filed application for a year's support from his estate; (11) that the action of the ordinary of Bibb County in appointing McCowen as temporary administrator is void; (12) that McCowen is not related to and does not represent any creditor of said deceased; (13) that at the time of his death Robert Flanders was the owner of certain personal property of the value not exceeding $400; that petitioners allege on information and belief that at the time of his death Robert Flanders was living with or in the house with one Elizabeth Flanders, by whom he was killed, and that immediately after his death McCowen, representing himself as the lawful representative of Elizabeth Flanders, filed his application for appointment as temporary administrator of the estate of Robert Flanders; (14) that Pearl Flanders sold to Walter Kilgore the horse and wagon mentioned for the sum of $100, with legal right to do so; (15) that Kilgore obtained good and legal title to the horse and wagon, and has right of possession and control of them and if sold they would not bring value placed thereon, and it would be a great and irreparable loss to him; (16) that if McCowen and Turlington were not restrained as prayed, it would involve multiplicity of litigation, cause great loss and damage to petitioners; and that petitioners are without remedy at law, and they pray: (a) that McCowen and Turlington be enjoined from further interfering with the property of said deceased Flanders; (b) that McCowen be enjoined from presenting his application for order to sell said property; (c) that Turlington as sheriff be enjoined from selling said property, and McCowen from obtaining an order of sale or from selling said property; (d) that the sheriff and McCowen be enjoined from interfering with or selling the horse and wagon of Kilgore; (e) that McCowen be enjoined as temporary administrator from further interfering with property of the deceased; (f) that McCowen be made to come to full accounting with petitioners for all property, or moneys, from whatever source acquired, belonging to the estate of said deceased.

McCowen as administrator filed his demurrer on the grounds: (1) that there is no equity in the petition, and it shows no reason for equitable interference; (2) plaintiffs have complete and adequate remedy at law; (3) the petition is multifarious; and (4) there is a misjoinder of parties defendant and causes of action. The

attorneys for plaintiffs and defendants agreed in writing that there was allowed and filed an amendment to the petition in October, 1921, which sought to make the prayers of the original petition applicable to and to enjoin a trover and bail proceeding instituted in the superior court of Bibb County, filed in October, 1921, by McCowen as administrator against Kilgore, said amendment having been allowed after appointment of said McCowen as permanent administrator of said estate; said amendment having been lost or misplaced. By amendment of May 26, 1922, plaintiffs prayed that the order of the ordinary of Bibb County appointing R. F. McCowen administrator of the estate of Robert Flanders be declared null and void.

The court overruled the demurrer to the petition as amended, and error was assigned. The case proceeded to trial, and at the conclusion of the evidence the court directed a verdict for the plaintiffs. Error was also assigned on this ruling.

*J. P. Burnett* and *H. F. Strohecker,* for plaintiff in error.

*Butler & Allen,* contra.

HINES, J. (After stating the foregoing facts.) This is a petition in equity, brought by Pearl Flanders, the widow and sole heir at law of the intestate, and a purchaser from her of certain personal property of the intestate, against McCowen, as temporary administrator of Robert Flanders, and the sheriff, to enjoin an action by McCowen as temporary administrator, and now proceeding in his name as permanent administrator, against such purchaser, and to set aside and vacate the judgments of the court of ordinary of Bibb County appointing such temporary and permanent administrator. The grounds on which the plaintiffs seek to vacate said judgments are, that Pearl Flanders, as the wife and sole heir at law of the intestate, has the right to the possession of the estate of the intestate without administration, that there is no necessity for administration, the plaintiffs alleging on information and belief that the deceased left no debts; that under the law the wife of the deceased is first entitled to act as administrator of his estate; that an order granting administration in disregard of Code § 3943 is void, and may be so declared at the suit of any-one lawfully concerned; that the action of the court of ordinary of Bibb County in appointing McCowen as such administrator is void, he not being related to, nor representing any creditor of,

said ·deceased; that at the time of his death the deceased was living with or in the house with one Elizabeth Flanders, by whom he was killed; and that immediately after his death McCowen, representing himself as the lawful representative of Elizabeth Flanders, filed his application for appointment as temporary administrator of the estate of Robert Flanders. McCowen as such administrator filed his demurrer to this petition, which was overruled by the court; and error is. assigned on this ruling.

Do the facts alleged present a case for a court of equity to interfere·and set aside and vacate the judgments of the court of ordinary appointing McCowen temporary and permanent administrator of the estate of the deceased? It is true that upon the death of the husband without lineal descendants the wife was his sole heir, and ·upon the payment of his debts, if any, was entitled to take possession of his estate without administration. Civil Code (1910), § 3931, par. 1. It is true also that a person who is neither of kin to nor a creditor of the deceased, nor has any personal interest in the administration of his estate, can not be appointed his administrator. *Myers* v. *Cann,* 95 *Ga.* 383 (22 S. E. 611). It is also true that a woman, who marries a man with a living wife from whom he has never been divorced, can not select the administrator of such man, when he dies, although she married him without any knowledge that he had a living wife. The wife could have caveated the application of McCowen for permanent letters of administration upon the estate of her husband on the above grounds; and, upon proof thereof, could have defeated his appointment. It is not alleged that she did not have notice of McCowen's application for permanent letters of administration. and an opportunity to caveat the same. The plaintiffs do not give any reason or excuse for failing to make the above defenses to McCowen's application for administration upon this estate. They do not allege that it appears from the face of the proceedings that the intestate died without lineal descendants, that his wife was his sole heir at law, that he left no debts, that the applicant was not of kin to, or a creditor of, the deceased, or that he had no interest in the estate; nor is it alleged that McCowen made any false and fraudulent representations to the court of ordinary to obtain his appointment. Then what standing have the plaintiffs in a court of equity? They are asking a court of equity to

vacate the judgments of the court of ordinary. On the showing of the plaintiffs, equity will not interfere. "Equity will interfere to set aside a judgment of a court having jurisdiction only where the party had a good defense of which he was entirely ignorant, or where he was prevented from making it by fraud or accident, or the act of the adverse party, unmixed with fraud or negligence on his part." Civil Code (1910), § 4585; *Mobley* v. *Mobley*, 9 *Ga.* 247. The plaintiffs do not bring themselves within this rule. The court of ordinary of Bibb County had jurisdiction to grant these letters of administration. The wife does not allege that she was entirely ignorant of the defense which she could have made to the application of McCowen to be appointed permanent administrator, or that she was prevented from making it by fraud or accident, or the act of McCowen, unmixed with fraud or negligence on her part. For this reason the petition did not set forth a cause of action so far as it sought to vacate the judgment appointing the permanent administrator; and as it was necessary to get rid of this judgment in order to defeat the bail-trover action, and to assert the right of the wife to the possession of the estate without administration, the petition did not set forth a cause of action as to the other matters alleged therein.

The above ruling does not conflict with other decisions of this court upon which plaintiffs rely. In *Fussell* v. *Dennard*, 118 *Ga.* 270 (45 S. E. 247) , *Jones* v. *Smith*, 120 *Ga.* 642 (48 S. E. 134), *Medlin* v. *Downing L. Co.*, 128 *Ga.* 115 (57 S. E. 232), and similar cases, this court held that, if want of jurisdiction appears on the face of the record, the judgment is a nullity, and can be so treated by any one whose rights are affected thereby. In *Wallace* v. *Walker*, 37 *Ga.* 265, 92 Am. D. 70, *McArthur* v. *Matthewson*, 67 *Ga.* 134, *Neal* v. *Boykin*, 129 *Ga.* 676 (59 S. E. 912, 121 Am. St. R. 237), *Powell* v. *McKinney*, 151 *Ga.* 803 (108 S. E. 231), and in other cases of like import, it was held that heirs and creditors, who had no knowledge that the application for letters of administration was pending, could maintain a petition to vacate the judgment of the court of ordinary appointing the administrator, when said judgment was obtained by fraud. In the case at bar there is no allegation that the judgment granting permanent letters of administration was procured by fraud. The nearest approach to such allegation is the statement, "that im-

mediately after his [intestate's] death said McCowen, representing himself as the lawful representative of Elizabeth Flanders, filed his application for appointment as temporary administrator of the estate of Robert Flanders." In *Wash* v. *Wash*, 145 *Ga.* 405 (89 S. E. 364), the petition was filed in the court of ordinary to set aside the judgment of that court; and if that case was well decided, it would not apply to a proceeding in equity to vacate such judgment. So we are of the opinion, that the demurrer to the petition should have been sustained.

As the court erred in not sustaining the demurrer to the petition, the subsequent trial of the case was nugatory, and it becomes unnecessary to consider errors alleged to have been committed by the court in the further progress of the case.

*Judgment reversed. All the Justices concur.*