# CROOM *v.* BENNETT.

No. 6567.   FEBRUARY 28, 1929.

180

*E. F. Goodrum,* for plaintiff. *R. R. Jackson,* for defendant.

BECK, P. J. ■ One of the judgments against which the complainant in the equitable petition seeks injunction was a judgment rendered by default in the city court of Macon. No fraud in the procurement of this judgment is shown by the allegations in the petition. Under the decision in the case of *Grady* v. *Information Buying Co.,* ante, 175, the petitioner was not entitled to an injunction to restrain the enforcement of this judgment.

■ But under the allegations in the petition, the petitioner does show fraud in the procurement of the so-called confession of judgment and the judgment based on the alleged confession of judgment, which was written on a separate sheet of paper, not attached to any suit that had been brought against him, though a suit was pending in the municipal court of Atlanta for the amount set forth in this confession of judgment. The confession of judgment is in the following words: "By this writing I do hereby confess judg-

ment in the sum of $265.50 in favor of the Lee Purchasing Company. I hereby waive process, service of process, notice, time, and terms and copy, and waive all other and further service thereon. This the 15th day of August, 1926." It was alleged that this was delivered to defendant with the understanding that it was to become a part of a confession in judgment for the $115.50 "assignment" loans and the $150 promissory note loan, secured by the personal indorsement of Shouse and the watch and diamond ring; that the defendant caused the writing to be attached as an exhibit to a petition to the Atlanta municipal court, which was a suit by Lee Purchasing Company against the petitioner for $265.50, and represented to the municipal court that the entire indebtedness was evidenced by three wage assignments for $265.50, and thereon obtained a judgment on confession; that the defendant falsely, fraudulently, and with intention to deceive the judge of the municipal court and defraud petitioner, attached this writing to his suit against petitioner in the municipal court, and represented to the court that the plaintiff therein, defendant in this action, held three assignments of wages against petitioner (the defendant named), when in truth the evidence consisted of one note for $150 evidencing a loan of money, indorsed by Shouse, and further secured by hypothecation of a watch and a diamond ring, as above stated; that one alleged assignment for $150 was substituted for this indebtedness, which represented to the court that petitioner had sold to assignee $150 of his earned wages, covering a period of some thirty days, and one alleged assignment for $99, which defendant held for a loan of $90, represented as assignment for $99 in earned wages, and one alleged assignment for $16.50, which defendant held for a loan of $15, represented as assignment for $16.50 in earned wages; that the defendant herein falsely represented to the municipal court that he held said assignment, and thereby falsely obtained judgment against petitioner, and in so obtaining judgment falsely and fraudulently the same is null and void. In view of these allegations, which are to be taken as true as against the demurrer, the ruling is made that fraud is shown on the part of the defendant in this case in the procurement of the judgment in the municipal court of Atlanta. And while the petitioner could not have injunctive relief against the other judgment referred to in the first part of this opinion, upon proof of the alleged facts just set forth he

was entitled to the relief, and the court should not have dismissed the entire petition.

*Judgment reversed. All the Justices concur.*