HUTCHINGS *et al.* v. ROQUEMORE *et al.*

HINES, J. 1. A judgment obtained in a court in this State will not be set aside and declared to be of no effect, although the same was obtained and entered up in consequence of corrupt and wilful perjury, unless the person charged with such perjury shall have been thereof duly convicted, and unless it shall appear to the court that such judgment could not have been obtained and entered up without the evidence of such perjured person. Civil Code (1910), § 5961; *Richardson* v. *Roberts*, 25 *Ga.* 671; *Griffin* v. *Sketoe*, 30 *Ga.* 300; *Munroe* v. *Moody*, 78 *Ga.* 127 (2 S. E. 688); *Barfield* v. *Birrick*, 151 *Ga.* 618, 623 (108 S. E. 43).

2. Equity follows the law where the rule of law is applicable, and the analogy of the law where no rule is directly applicable. Civil Code (1910), § 4520. Therefore a court of equity will not set aside a judgment although obtained by wilful and corrupt perjury, .unless it appears that the perjurer has been convicted of such perjury, and unless it appears that a judgment could not have been rendered without the perjured testimony.

3. It not appearing that the witness, upon whose alleged false testimony the judgment in this case was rendered, had been convicted of perjury, and it not further appearing that the judgment could not have been rendered without such testimony, the trial judge under the rulings embraced in the foregoing headnotes, did not err in sustaining a demurrer and dismissing the petition.

4. While a court of equity in a proper case will set aside a judgment which is procured by fraud (*Griffin* v. *Sketoe*, supra; *Croom* v. *Bennett*, 168 *Ga.* 178, 147 S. E. 560), such fraud must be one other than false and untrue testimony.

5. It appearing from the petition that the discharge of the principal defendant in bankruptcy had been pleaded by the defendant in defense of the action in the municipal court, and that notwithstanding such plea judgment had been rendered against him, such discharge furnishes no ground for equitable interference with the judgment rendered. If the plea of discharge was good and it was overruled, the defendant should have excepted to the judgment upon this ground; and he is now concluded from setting it up in an equitable petition brought to set aside the judgment rendered in the municipal court.

*Judgment affirmed. All the Justices concur.*

No. 7685. OCTOBER 17, 1930. REHEARING DENIED NOVEMBER 14, 1930.

*E. F. Goodrum,* for plaintiffs.

*J. D. Hughes* and *Nottingham & Nottingham,* for defendants.