## SWORD v. ROACH.

No. 8869.   OCTOBER 12, 1932.

*C. E. Parrish,* for plaintiff in error.

*S. B. McCall* and *J. P. Tomlinson,* contra.

HILL, J.   J. M. Roach brought suit for damages against T. J. Sword.   On the trial the jury returned a verdict for the plaintiff in the sum of $210.   A fi. fa. issued upon the verdict and judgment, and was levied on certain realty belonging to Sword, who filed an affidavit of illegality, alleging, as reason why the levy should not proceed, that the damage suit was based upon a horse trade and upon the allegation that the horse traded by Sword was worthless, "when as a matter of fact the knowledge of which has come to deponent since the trial of the damage suit that the mule that the said J. M. Roach traded to deponent was purchased by the said J. M. Roach of J. P. DeVane for the sum of $250, and that the mare that deponent traded to J. M. Roach for the mule bought of the said J. P. DeVane was traded to said J. M. Roach back to J. P. DeVane in lieu of the mule and in full payment of the same, and that he was not damaged in any sum whatever; that this fact was not known to deponent at the time of trial; and that the said J. M. Roach committed perjury in order to obtain the verdict and judgment against this deponent and deponent alleges that in good conscience and equity the fi. fa. so levied is void as to this deponent and is proceeding illegally."   It is further alleged that the judgment was obtained through fraudulent swearing to facts that were not true, and that the verdict and judgment are void.

Sword filed also what he terms an ancillary petition in equity, in which he sets out the testimony of Roach in the suit for damages,

and alleges that the verdict and judgment in that suit are null and void for the same reasons alleged in his affidavit of illegality; and prays that "J. M. Roach be restrained and permanently enjoined from further proceeding with the execution till the further order of the court," and that the verdict and judgment in that case be set aside and declared null and void.

The judge on motion disallowed the amendment and dismissed the affidavit of illegality and ordered the fi. fa. to proceed. To these rulings Sword excepted.

Under the facts in the record the court did not err in dismissing the affidavit of illegality. The Civil Code (1910), § 5311, provides: "If the defendant has not been served, and does not appear, he may take advantage of the defect by affidavit of illegality. But if he has had his day in court, he can not go behind the judgment by affidavit of illegality." There is no contention that plaintiff in error did not have his day in court; but he seeks in the affidavit of illegality to set aside the verdict and judgment on the ground that the plaintiff committed perjury on the trial of the case in his evidence upon which the verdict and judgment were predicated. The plaintiff in error filed an amendment to the plea of illegality, attacking the verdict and judgment on the ground that they were obtained by the perjured evidence of the plaintiff. There is nothing in the record to show that the party alleged to have committed perjury has been duly convicted thereof, as provided by Civil Code (1910), § 5961. The court did not err in disallowing the amendment and in dismissing the affidavit of illegality.

*Judgment affirmed. All the Justices concur, except Atkinson, J., absent.*

BECK, P. J., and GILBERT, J., concur in the judgment.