HUBBARD *et al v.* WHATLEY.

No. 15474.   JUNE 4, 1946.

*J. C. Bowden* and *A. G. Smith,* for plaintiffs.

*Mitchell & Mitchell,* for defendant.

CANDLER, Justice. (After stating the foregoing facts.) ■ The instant case was brought in equity to vacate and set aside a verdict and decree rendered in a court of competent jurisdiction. Error was assigned on an order sustaining a general demurrer to the petition. By the verdict and decree there, it had been adjudicated that a certain deed which one of the parties had made to an opposite party thereto, conveying an undivided half interest in certain described real estate, was valid and should not be canceled on the ground of fraud in its procurement. The verdict and judgment complained of were rendered in a case for divorce, alimony, and injunction, to which a cross-bill had been filed asking for the cancellation of a deed. It is contended that such verdict and decree are void because of fraud and should be vacated and set aside. Unless the relief now prayed be granted, the case is res judicata. Did the petition here state a cause of action for the relief sought? We think not. It is the general rule that a court of equity will not retry the same issues determined in a former hearing by a court of competent jurisdiction, in the absence of fraud, accident, or undue advantage of the prevailing party. 31 Am. Jur. 216, § 633. The Code, § 110-710, declares: "The judgment of a court of competent jurisdiction may be set aside by a decree in equity, for fraud, accident, or mistake, or the acts of the adverse party unmixed with the negligence or fault of the complainant."

The grounds urged here why the verdict and decree should be set aside, are: (1) "During the pendency of that case . . she would not give him any final answer about reconciliation during the entire progress of the suit, but 'lured him into the belief that she might agree in a recohabitation,' and for that reason he did not urge any defense until the final trial;" (2) that the final verdict and decree sought to be vacated and set aside were based on testimony falsely given by the opposite party as to the respective ages of the parties and the physical and mental condition of the plaintiff Hubbard; and (3) that counsel for the plaintiffs "scolded him [Hubbard]" at a time during the trial when he wanted to testify, and he was thereby prevented from giving his testimony, and later by his direction a motion for new trial was filed by his counsel of record, who afterwards, without his knowledge or consent, voluntarily dismissed it.

These grounds are without merit. Assuming that the estranged wife in the former case, under all the circumstances, may have been guilty of conduct which led her husband to believe that she would finally agree to reconcile the issues between them, and that this was done on her part to keep him from actively defending the action—nevertheless it affirmatively appears from the record here that he had ceased to rely on any such conduct prior to the second and final trial and actively contested the second verdict, which fixed the rights and liabilities of the parties about which complaint is only now made. Acts or conduct which is claimed to be wrongful, but upon which the opposite party did not rely or act to his injury, can not be said to be such fraud as will authorize a court of equity to vacate and set aside a verdict and decree. *Bank of Doerun* v. *Fain,* 148 *Ga.* 799 (98 S. E. 467). In *McCowen* v. *Flanders,* 155 *Ga.* 701 (118 S. E. 351), this court said: "Equity will interfere to set aside a judgment of a court of competent jurisdiction only where the party had a good defense of which he was entirely ignorant, or where he was prevented from making it by fraud or accident, or the act of the adverse party, unmixed with fraud or negligence on his part."

A petition asking that a verdict and decree be set aside because rendered on the perjured testimony of a named witness does not set forth a cause of action for that reason, where the petition also fails to allege that the witness has been duly convicted of the of-

fense of perjury with respect to such testimony, and that the verdict and decree were based on that testimony alone. Code, § 110-706; *Stephens* v. *Pickering,* 192 *Ga.* 199 (3) (15 S. E. 2d, 202) ; *Sword* v. *Roach,* 175 *Ga.* 774 (166 S. E. 185) ; *Hutchings* v. *Roquemore,* 171 *Ga.* 359 (155 S. E. 675) ; *Thomason* v. *Thompson,* 129 *Ga.* 440, 449 (59 S. E. 236). In *Hutchings* v. *Roquemore,* supra, this court said : "A judgment obtained in a court in this State will not be set aside and declared to be of no effect, although the same was obtained and entered up in consequence of corrupt and wilful perjury, unless the person charged with such perjury shall have been thereof duly convicted, and unless it shall appear to the court that such judgment could not have been obtained and entered up without the evidence of such perjured person." Neither does the petition here allege a cause of action for the relief sought because of the alleged misconduct of the complainants' counsel. Where equity has jurisdiction to set aside a judgment or decree obtained through the perpetration of a fraud or other conduct which will justify it, it must be made to appear in an application for that purpose that such was perpetrated by the adverse party or his counsel or agents. *Morris* v. *Morris,* 76 *Ga.* 733; *Lanier* v. *Nunnally,* 128 *Ga.* 358 (57 S. E. 689) ; *Dorsey* v. *Griffin,* 173 *Ga.* 802 (3) (161 S. E. 601). The petition here is wholly lacking in any averment that the opposite party or her counsel had any knowledge of or connection with any of the alleged wrongful acts which the plaintiffs here charged against their own counsel.

■ It is here contended that the verdict should be set aside because the jury did not award alimony, but "proceeded to condition future disposition of plaintiff's [Hubbard's] property, and said jury was without authority of law so to do, and contrary to any pleadings therefor in the petition of the plaintiff." Under the doctrine of res judicata, a judgment of a court of competent jurisdiction is conclusive between the same parties and their privies, as to all matters which were put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside. *Sumner* v. *Sumner,* 186 *Ga.* 390 (197 S. E. 833) ; Code, § 110-501. That a verdict is contrary to law and contrary to the issues made by the pleadings, is a question which may be raised by a motion for new trial. Code, §§ 70-202, 110-101; *Manry* v.

*Stephens,* 190 *Ga.* 305 (9 S. E. 2d, 58), and cases cited. Where, in a former suit between the same parties and relating to the same subject-matter, a verdict was rendered against a party, whose motion for new trial was afterwards voluntarily dismissed, a petition subsequently brought by such party to review and set aside the verdict is properly dismissed on general demurrer, where it appears that the grounds for review were such as were known, or could by reasonable diligence have been discovered in time to incorporate them in the motion for new trial made in the former case. *Leathers* v. *Leathers,* 138 *Ga.* 740 (76 S. E. 44); *Doyle* v. *Donovan,* 76 *Ga.* 41 (5), 44. Since these grounds for setting aside the verdict are ones which should have been incorporated in and insisted upon in a motion for new trial, the plaintiff is precluded by the judgment from now doing so.

■ A decree which does not follow the verdict is not for that reason void, but irregular, and may be amended on motion. *Lenoard* v. *Collier,* 53 *Ga.* 388; *Latimer* v. *Sweat,* 125 *Ga.* 475 (54 S. E. 673), and cases cited. A judgment or decree which is amendable should not be set aside. *Guill* v. *Pierce,* 78 *Ga.* 49. In *Latimer* v. *Sweat,* supra, this court said: "Where in an attachment case no proceedings were taken as provided by law for the purpose of obtaining a general judgment against the defendant, but the judgment entered up was both generally against the defendant and specially to be enforced against the property attached, such a judgment could be amended by striking the general feature of it even after the expiration of the term when it was rendered." The decree here, if it did not follow the verdict, being amendable on motion therefor, it was not erroneous to sustain the general demurrer.

■ Since it was not error to sustain the general demurrer and dismiss the suit, it becomes unnecessary to pass upon the other issues presented by the record.

*Judgment affirmed. All the Justices concur.*