POOLE *v.* McENTIRE *et al.*, receivers.

No. 18038. ARGUED FEBRUARY 12, 1953—DECIDED MARCH 9, 1953— REHEARING DENIED MARCH 23, 1953.

*Roscoe Pickett, John S. Wood, D. Carl Tallant, William Butt* and *Herman J. Spence,* for plaintiff in error.

*Thomas E. Moran, Francis G. Millican* and *Ingram & Tull,* contra.

WYATT, Justice. ■ Motion on several grounds is made to dismiss the bill of exceptions in this court. All of the grounds relate to the fact that the record does not show that a judgment or decree has been entered upon the verdict of the jury. It is contended that the verdict is a special verdict, and that without a judgment or decree based upon the special verdict, the bill of exceptions is premature.

The form of the verdict in the instant case was, "We, the Jury, find in favor of the movants, this the first day of August, 1951." This was the form of verdict given to the jury by the judge in his charge, in which he instructed them that, if they found from a preponderance of the evidence that a fraud was practiced upon Judge Brooke, and that Judge Brooke acted upon a misrepresentation, and if they found the deed altered as alleged, it would be the duty of the jury to find in favor of the movants, which would mean a cancellation of the deed referred to in the motion; and in the event they so found, the form of their verdict would

be as above set out. The jury so found. It is therefore apparent that the verdict here in question is a general and not a special verdict, and a writ of error will lie to this court to a judgment overruling a motion for new trial even though no judgment has been entered on the general verdict. *Alred* v. *Alred*, 164 *Ga.* 186 (137 S. E. 823). It follows, there is no merit in the motion to dismiss.

■ The first question presented by the bill of exceptions is whether or not the judgment of the court below overruling the general demurrer to the motion to vacate and modify the judgment was error. The motion in question is a motion to vacate and modify a judgment of the court of Pickens County confirming the sale by the receivers of J. W. Dyer of certain real property to the plaintiff in error on the ground of fraud.

"An order confirming a judicial sale is a final and conclusive judgment to the same extent as any other adjudication by a court of competent jurisdiction." *Hurt Building* v. *Atlanta Trust Co.*, 181 *Ga.* 274 (182 S. E. 187). See also *Southern Cotton Oil Mills* v. *Ragan*, 138 *Ga.* 504 (75 S. E. 611).

Code § 37-220 provides: "Equity will interfere to set aside a judgment of a court having jurisdiction only where the party had a good defense of which he was entirely ignorant, or where he was prevented from making it by fraud or accident, or the act of the adverse party, unmixed with fraud or negligence on his part." See also Code, §§ 37-219 and 110-710. "The general rule is, that Courts of Chancery will not interfere after verdict and judgment at law, except in cases of fraud, or surprise, or in extraordinary cases where manifest injustice would be done; nor where the party might have defended himself fully at law and neglected it. Great abuse would be made of a contrary doctrine, by drawing within the jurisdiction of equity, as by a sidewind, almost all causes decided at law. The high powers intrusted to Chancery to promote the purposes of justice, should not be abused to the vexation of the citizens and the unsettling solemn decisions of other courts, where it is to be always presumed that full justice has been done." *Pearce* v. *Chastain*, 3 *Ga.* 226, 229 (46 Am. D. 423).

Before fraud will authorize a court of equity to vacate and set aside a judgment of a court having jurisdiction, it must ap-

pear that the fraud complained of was perpetrated by the prevailing party, his attorney, or his agents. *Dorsey* v. *Griffin,* 173 *Ga.* 802 (161 S. E. 601); *Lanier* v. *Nunnally & Co.,* 128 *Ga.* 358 (57 S. E. 689); *Hubbard* v. *Whatley,* 200 *Ga.* 751 (38 S. E. 2d, 738). It is not sufficient cause to show that the prevailing party concealed certain facts from the adverse party and the court, which, if revealed, would have been a good defense. *Young* v. *Young,* 188 *Ga.* 29 (2 S. E. 2d, 622). A judgment will not be vacated, although obtained and entered by perjury, unless it shall appear that the person giving the perjured testimony has been convicted of it, and that the judgment could not have been obtained without such evidence. *Hutchings* v. *Roquemore,* 171 *Ga.* 359 (155 S. E. 675); *Hubbard* v. *Whatley,* supra. Acts or conduct which is claimed to be wrongful, but upon which the opposite party did not rely or act to his injury, can not be said to be such fraud as will authorize a court of equity to vacate and set aside a verdict and judgment. *Hubbard* v. *Whatley,* supra. The fraud for which a court of equity may vacate and set aside a former judgment is limited to matters which are extrinsic and collateral to the issue tried in the former case. *Thomason* v. *Thompson,* 129 *Ga.* 440 (59 S. E. 236); *Walker* v. *Hall,* 176 *Ga.* 12 (166 S. E. 757); *Elliott* v. *Marshall,* 182 *Ga.* 513 (185 S. E. 831).

Applying the rules of law above stated to the facts alleged in the instant case, we find that the allegations do not state a cause of action to set aside and modify the judgment herein. The only fraud alleged as a reason for setting aside the judgment is that the plaintiff in error presented to the court, at the time the order confirming the sale of the property was entered, a purported loan deed and represented it to be genuine in all respects, when in fact the deed was not genuine but had been altered in several respects, including the date. It is also alleged that the court was not apprised of the changes and alterations and that, if the alterations had been disclosed to the court, it would not have confirmed the sale. It is not alleged anywhere in the petition that the receivers or their attorneys did not know of the alleged alterations at the time of the order confirming the sale, or that, although they knew of the alterations, they were prevented from presenting it as a defense by the fraud of

the plaintiff in error or his attorneys. This is an essential allegation under the authorities above cited. In fact, the petition discloses that the receivers and the court knew of the alleged invalidity of the loan deed at or before the time the order confirming the sale was entered. The order recognizes that the receivers were disputing the validity of the loan deed and provided protection to them in the event the deed was proved to be invalid. This further discloses that the receivers did not rely upon the alleged fraud, but took steps in the order of confirmation to have themselves protected from fraud in connection with the loan deed.

Nor is it alleged that the plaintiff in error or his attorneys knew of the alleged alterations. The fraud for which a judgment will be vacated in equity is actual fraud. Constructive fraud is not sufficient. *Abercrombie* v. *Hair*, 185 *Ga.* 728 (196 S. E. 447).

We are dealing here with a motion to modify a judgment and not with a suit to set aside a purported security deed. The only relief sought, as the motion is finally amended, is to require Poole to pay into court the sum of $12,525 or, in default of doing so in three days, be committed to jail. The sale of the property was unconditionally confirmed and a deed duly executed, and by agreement of the parties, the $12,525 was "to be held as previously agreed between the receivers and the said Will Poole, or subject to any further order that might be issued by this court." It appears that by agreement of the parties the $12,525 was to be "deposited to a joint account in Jasper Banking Company to the receivers and Will Poole and to be disbursed pursuant to an order of this court." Thereafter, by agreement of the parties, the court provided: "It is ordered by the court that, in lieu of depositing this money in the Jasper Banking Company, that Will Poole enter into a bond in the sum of $12,525 with good security thereon to be approved by the Clerk of the Superior Court of Pickens County, Georgia, to take care of this amount of money, to wit, $12,525, in the event said receivers should be successful in the suit, then this bond to be of full force and effect, else null and void."

This was the last order of the court dealing with the matter here under consideration, and was an unconditional order. This

order was complied with by Poole. This all appears from the motion in this case. It is now sought to change this unconditional order and judgment by a simple motion without first determining the validity of the alleged security .deed. We know of no authority for any such proceeding, and none has been called to our attention.

It follows, the allegations of the motion to vacate and modify the judgment in the instant case are not sufficient to authorize a court of equity to grant such relief. The judgment of the court below overruling the general demurrer was therefore error. ■ Since the general demurrer should have been sustained, all that happened thereafter was nugatory.

*Judgment reversed. All the Justices concur, except Atkinson, P. J., not participating.*